Douglass D. Hearne, Richard L. Crozier, Hearne, Knolle, Lewallen, Livingston & Holcomb, Austin, for appellee.

**FLEMING MANUFACTURING CO., INC., Appellant,**

v.

**CAPITOL BRICK, INC., Appellee.**

**No. 14300.**

Court of Appeals of Texas, Austin.

Jan. 8, 1986.

Rehearing Denied Jan. 29, 1986.

Before SHANNON, C.J., and GAMMAGE and CARROLL, JJ.

CARROLL, Justice.

Fleming Manufacturing Co., Inc. appeals by writ of error from a default judgment in excess of $260,000. We will set the judgment aside and remand the cause to the district court.

This appeal turns on a narrow question: Does the Texas Long-Arm Statute, Tex. Rev.Civ.Stat.Ann. art. 2031b (1964 & Supp. 1985)[1], require personal service on the Secretary of State? We have concluded that it does.

Fleming, a Missouri corporation, sold a brick mold to Capitol Brick, Inc. A dispute arose between the parties concerning the brick mold, and Capitol ultimately filed suit seeking substantial damages. Alleging that Fleming was an out-of-state corporation doing business in Texas without a regular place of business or a designated agent for service of citation, Capitol asked

1. Article 2031b was codified without substantive revision as part of Chapter 17 of the Civil Prac-
tice and Remedies Code, 1985 Tex.Sess.Law. Serv., ch. 959, § 1, at 7083–87.

that Fleming be cited by serving the Secretary of State pursuant to art. 2031b.

The district clerk issued the citation which was addressed to "Fleming Manufacturing Company, Inc., by serving Secretary of State." The officer's return indicates that a copy of the citation and an accompanying copy of the original petition were delivered to "... the within named Fleming Manufacturing Company, Inc., by delivering ... to the Secretary of State by delivering to the Clerk having charge of the corporation department of the Secretary of State, _____." Part of the preceding quoted language was added to the citation with a rubber stamp, and the name "Helen Gabb" was hand written in the blank provided. It appears to be standard procedure for the Travis County Constable's Office to deliver such citations to an employee in the corporation department of the Secretary of State's Office.

At the outset, we acknowledge that the allegations in Capitol's original petition bring Fleming within the terms and provisions of art. 2031b insofar as *issuance* of citation is concerned. Fleming however argues that the manner of *execution* by the Travis County Constable's Office does not meet the requirements of art. 2031b. It is undisputed that the Secretary of State was not personally served and that instead the citation was delivered to an employee of the Secretary of State's Office.

The Texas Long-Arm Statute was adopted in 1959 during the 56th Session of the Legislature. It is one of several statutes that provide alternate or substitute service of citation in certain cases. *See, e.g.,* Tex.Rev.Civ.Stat.Ann. art. 2031a (now repealed); Tex.Bus.Corp.Act Ann. arts. 2.11 A, 2.11 B, 8.10 A, and 8.10 B (1980). Special attention should be directed to art. 2031a along with arts. 2.11 B and 8.10 B of the Texas Business Corporation Act. Each provides for alternate service of citation on certain corporations in particular cases by delivery to "... the Secretary of State ... the Assistant Secretary of State, or ... any clerk having charge of the corporation department ..."

Article 2031a represented the work of the 43rd Legislature in 1933. Twenty-two years later, the substitute or alternate service provisions set forth in arts. 2.11 B and 8.10 B of the Texas Business Corporation Act were adopted by the 54th Session of the Legislature. In 1959, in adopting art. 2031b, the Legislature again dealt with the subject of substitute or alternate service of citation. Presumably the Legislature was aware of the format used in its earlier works which included not only the Secretary of State, but also the Assistant Secretary of State and "any clerk having charge of the corporation department" as proper persons for receipt of such substitute service. Nevertheless, the Legislature limited the provisions of art. 2031b to the Secretary of State alone.

The Legislature has met in thirteen regular sessions since the adoption of art. 2031b. During this time it has made no change in its apparent decision to limit service of process under art. 2031b to the Secretary of State and to no other person in that office.

Article 2031b clearly and unambiguously states that the Secretary of State is the agent upon whom such service may be made. In this appeal, the return of citation clearly shows that the Secretary of State was not served. Failure to serve a proper person under the appropriate statute is a fatal defect in an attempt to support a default judgment, and such default judgment must be set aside. *Eagle Life Ins. Co. v. George,* 473 S.W.2d 311 (Tex. Civ.App.1971, writ ref'd). Texas opinions have long required strict compliance with the appropriate statutory provisions for service of process in order to support a default judgment. *Whitney v. L. & L. Realty Corp.,* 500 S.W.2d 94 (Tex.1973); *McKanna v. Edgar,* 388 S.W.2d 927 (Tex. 1965). Virtually any deviation from the statutory requisites of citation will be sufficient to set aside a default judgment on appeal or by writ of error. 4 McDonald, Texas Civil Practice § 17.23.2, at 134 (rev. ed.1984). Fleming's first point of error is sustained.

We recognize that requiring personal service on the Secretary of State under art. 2031b may well lead to substantial inconvenience, both to the officer serving the citation and to the Secretary of State individually. While such inconvenience is regrettable, it is unavoidable until and unless the Legislature sees fit to amend art. 2031b to conform to the more flexible standards of the earlier statutes cited above. We see little reason to allow delivery to the Assistant Secretary of State or to the clerk having charge of the corporation department as well as the Secretary of State individually under arts. 2.11 B and 8.10 B of the Texas Business Corporation Act and not to allow the same sort of service under art. 2031b.

Nevertheless, these choices are for the Legislature and not for the courts. "Courts must take statutes as they find them, and more than that they should be willing to take them as they find them." *Simmons v. Arnim*, 110 Tex. 309, 220 S.W. 66 at 70 (Tex.1920).

Until and unless such a change is made by the Legislature, practitioners must specifically plead the statutory basis for substitute or alternate service of citation, and must then insist that the officer serving the citation comply with the requirements of the statute involved in their particular case.

We therefore grant the writ requested and reverse the judgment of the trial court because it is void for want of personal jurisdiction over the petitioner as shown on the face of the record. The cause is remanded to the trial court for further proceedings.

Reversed and Remanded.