**FAIRMONT HOMES, INC., Petitioner,**

v.

**Roy G. UPCHURCH, et ux., Respondents.**

No. C–5169.

Supreme Court of Texas.

June 4, 1986.

Rehearing Denied July 16, 1986.

Joseph F. Manak, Houston, for petitioner.

Donald O. Baker, Huntsville, for respondents.

PER CURIAM.

In this appeal from a default judgment, we must determine whether the trial court correctly trebled damages of $10,000 rendered against Fairmont Homes, Inc. under the Deceptive Trade Practices Act. Tex. Bus. & Com.Code Ann. § 17.50(b)(1) (Vernon Supp.1986) (DTPA). We hold that it did not. Accordingly, pursuant to Tex.R. Civ.P. 483, we grant the application for writ of error and, without hearing oral argument, modify the court of appeals' judgment.

Roy and Margie Upchurch sued Mobile America Sales Corporation and Fairmont Homes, Inc., of Indiana under the DTPA for alleged defects in their mobile home. Fairmont Homes manufactured the mobile home and Mobile America sold it to the Upchurches. Fairmont Homes did not answer the lawsuit. The trial court severed Fairmont Homes from the primary suit and assigned a separate cause number to it. The Upchurches proved $10,000 in actual damages in a hearing before the trial court and it rendered default judgment in the amount of $39,000 plus attorney's fees against Fairmont Homes.

Fairmont Homes appealed the default judgment by writ of error. The court of appeals reversed that part of the trial court judgment awarding attorneys' fees to the Upchurches and affirmed the rest of the default judgment (704 S.W.2d 521).

On application for writ of error, Fairmont Homes argues the trial court erred in calculating treble damages under the DTPA. We agree. We said in *Jim Walter Homes v. Valencia*, 690 S.W.2d 239, 241 (Tex.1985), the maximum amount of damages recoverable in a suit in which actual damages resulting from a knowing violation of the DTPA exceed $1000 is three times the first $1000 of actual damages plus three times the actual damages in excess of $1000.

In this case, the trial court rendered default judgment against Fairmont Homes for $39,000 based upon actual damages of $10,000. This is nearly quadruple the actual damages. The damages should have been calculated in the following manner:

| | | |
|---|---|---|
| (1) | three times the first $1000 of actual damages | $ 3,000 |
| (2) | not more than three times the total amount of actual damages in excess of $1000 ($9,000 × 3) | 27,000 |
| Total | | $30,000 |

The opinion of the court of appeals is in conflict with our holding in *Jim Walter Homes v. Valencia*, 690 S.W.2d at 241. Pursuant to Tex.R.Civ.P. 483, we grant Fairmont Homes' application and, without hearing oral argument, modify the court of appeals' judgment by reducing the total amount of damages awarded the Upchurches to $30,000 as required by section 17.-50(b)(1).