CAPITOL BRICK, INC., Petitioner,

v.

FLEMING MANUFACTURING CO.,
INC., Respondent.

No. C–5065.

Supreme Court of Texas.

Dec. 10, 1986.

Rehearing Denied Jan. 21, 1987.

Douglass D. Hearne, Richard L. Crozier, & Don W. Kothman, Hearne, Knolle, Lewallen, Livingston & Holcomb, Austin, for petitioner.

John W. Stayton, Jr., McGinnis, Lochridge & Kilgore, Austin, for respondent.

## ON MOTION FOR REHEARING

McGEE, Justice.

We grant respondent's motion for rehearing, withdraw our opinion and judgment of July 9, 1986, and substitute this opinion.

In this appeal from a default judgment Capitol Brick, Inc., a Texas corporation, sued Fleming Manufacturing Co., Inc., a Missouri corporation, alleging breach of warranty and violation of the Texas Deceptive Trade Practices Act in the sale of a brick mold. The trial court rendered a default judgment against Fleming Manufacturing. The court of appeals granted Fleming's writ of error and reversed the judgment of the trial court, holding that TEX.REV.CIV.STAT.ANN. art. 2031b (Vernon 1964),[1] the Texas long-arm statute, requires personal service on the Secretary of State as opposed to someone within the office designated to accept service. Consequently, that court held that failure of the return of citation to reflect service on Myra McDaniel, personally, was a fatal defect requiring the default judgment to be set aside for want of jurisdiction as shown on the face of the record. 703 S.W.2d 365. We reverse the court of appeals' judgment and remand this cause to that court.

Capitol Brick bought a brick mold from Fleming Manufacturing Company. The mold was shipped to Texas where Capitol Brick used it in its brick manufacturing business. The mold did not live up to Capitol's expectations and, after several unsuccessful repair attempts, Capitol filed suit against Fleming.

Since Fleming did not have a regular place of business in Texas, nor did it have a designated agent for service of citation, Capitol sought to have Fleming served by serving the Secretary of State pursuant to article 2031b, the Texas long-arm statute. A Travis County constable delivered a copy of the citation and a copy of the Plaintiff's Original Petition to the clerk having charge of the corporation division of the Secretary of State's office. The clerk stamped the constable's return and signed it. A certificate was prepared by the Secretary of State showing receipt of process, the date received, the address to which it was forwarded by certified mail, the date forwarded, and the date the return receipt was received in the office of the Secretary of State. This certificate was filed with the trial court on February 7, 1984. Fleming did not appear or answer and, after a court hearing, default judgment was rendered against Fleming for $260,685.28 in damages plus attorney's fees.

Capitol Brick contends the court of appeals erred in holding article 2031b requires personal service on the Secretary of State. We agree. Article 2031b, section 3 reads:

> Any foreign corporation ... that engages in business in this State, ... and does not maintain a place of regular business in this State or a designated agent upon whom service may be made upon causes of action arising out of such business done in this State, the act or acts of engaging in such business within this State shall be deemed equivalent to an appointment by such foreign corporation, ... of the Secretary of State of Texas as agent upon whom service of process may be made in any action, ... wherein such corporation, ... is a party....

TEX.REV.CIV.STAT.ANN. art. 2031b, § 3 (Vernon 1964). The mode of service upon the Secretary of State bears no relationship to the objective of article 2031b. The objective of the long-arm statute is to extend in personam jurisdiction in a manner reasonably calculated to give foreign defendants fair notice and an opportunity to be heard. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313, 70 S.Ct.

---

1. Now codified at TEX.CIV.PRAC. & REM. CODE ANN. § 17.041 *et. seq.* (Vernon 1986).

652, 656, 94 L.Ed. 865 (1950). *See Hanson v. Denckla,* 357 U.S. 235, 245, 78 S.Ct. 1228, 1235, 2 L.Ed.2d 1283 (1958). This foreign defendant's due process rights were not affected by the mode of service on the Secretary of State.

In order for a trial court to acquire jurisdiction necessary to support a default judgment upon substituted service, such as we have here, two requirements must be met: (1) the pleadings must allege facts which, if true, would make the defendant responsible to answer, or in the language of Rule 120a, contain allegations making the defendant "amenable to service" by the use of the long-arm statute; and (2) there must be proof in the record that the defendant was, in fact, served in the manner required by statute. *Whitney v. L & L Realty Corporation,* 500 S.W.2d 94, 95–96 (Tex.1973).

There is no contention by Fleming that it was not "amenable" to service. Fleming only complains that service was not personally served on the Secretary of State as it argues is required by article 2031b. However, proof of service under this "long-arm" statute can be satisfied by a certificate from the Secretary of State. *Whitney,* 500 S.W.2d at 96; *VanGuard Investments v. Fireplaceman, Inc.,* 641 S.W.2d 655 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). Absent fraud or mistake, the Secretary of State's certificate is conclusive evidence that the Secretary of State, as agent of Fleming, received service of process for Fleming and forwarded the service as required by the statute. The trial court properly acquired in personam jurisdiction over Fleming Manufacturing Co., Inc. Therefore, it was not error for the trial court to render a default judgment against Fleming.

On motion for rehearing, Fleming argues that the trial court's judgment of damages must be modified because it awarded damages in excess of the damages pleaded and incorrectly trebled damages under the Texas Deceptive Trade Practices Act. TEX. BUS. & COM.CODE ANN. § 17.50(b)(1) (Vernon Supp.1986) (DTPA). We agree.

Rule 47 precludes a party, except by response to a special exception, from pleading unliquidated damages in a specific amount. TEX.R.CIV.P. 47(b) (Vernon's 1979). If there are no pleadings in a specific amount, then the pleadings are in compliance with Rule 47 and such pleadings will support a judgment, by default or otherwise. In the instant action, Capitol Brick pleaded in its original petition damages in specific amounts, to which no objection was made. Capitol Brick then proved its damages during a hearing held for that purpose. It is impermissible in a default judgment to render judgment for damages in excess of the damages specifically pleaded. *Mullen v. Roberts,* 423 S.W.2d 576, 579 (Tex.1968). In this case, Capitol Brick pleaded for actual damages in the amount of $59,671.32. In the absence of a trial amendment it was error for the trial court to render judgment in the amount of $65,-421.32.

Since 1979 the maximum amount of damages recoverable in a suit in which actual damages resulting from a knowing violation of the DTPA exceed $1,000 is three times the first $1,000 of actual damages plus three times the actual damages in excess of $1,000. *Jim Walter Homes, Inc. v. Valencia,* 690 S.W.2d 239, 241 (Tex. 1985).

Also, on motion for rehearing Fleming argues that we should have remanded this cause to the court of appeals for consideration of points presented to that court, but upon which the court of appeals did not rule because of its holding regarding service on the Secretary of State. Among these points are arguments which, if sustained, would result in a modification of the trial court's judgment, or a reversal and remand. We agree that Fleming is entitled to have these points reviewed under the rule of *McKelvy v. Barber,* 381 S.W.2d 59 (Tex.1964). We can either address these points, or send them back to the court of appeals for a determination of points of error not addressed. *Roark v. Allen,* 633 S.W.2d 804, 811 (Tex.1982). The better practice is for us to determine the "no

evidence" points preserved. In evaluating a "no evidence" point on appeal, the Supreme Court can consider only the evidence and inferences which tend to support the trial court's judgment and must disregard all evidence and inferences to the contrary. *Stanglin v. Keda Development Corp.*, 713 S.W.2d 94, 95 (Tex.1986); *Stodghill v. Texas Employers Insurance Association*, 582 S.W.2d 102, 103 (Tex.1979).

In the court of appeals Fleming attacked the legal and factual sufficiency of the evidence supporting the damage award, specifically in respect to cost of repairs, the reasonableness and necessity of the repairs, lost profits, and causation as between Fleming's conduct and the damages sustained. We have reviewed the evidence and find that there is no evidence to support the award of $1,675.12 for cost of repairs; however, the record reflects more than a scintilla of competent evidence to support the remaining repair costs, the reasonableness and necessity of those repairs, and lost profits.

As to Fleming's assertion that Capitol Brick failed to show that damages were caused by Fleming's alleged breach of warranty, the conduct of the defendant is admitted by default. *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 732 (Tex. 1984). The causal nexus between the event sued upon and the plaintiff's injuries is referable strictly to the damages portion of plaintiff's cause of action. *Morgan v. Compugraphic Corp.*, 675 S.W.2d at 732. After reviewing the record, we hold that there is more than a scintilla of competent evidence to support causation.

Fleming's motion for rehearing is granted. The court of appeals' judgment is reversed and the cause is remanded to that court for a determination of the factual sufficiency points of error.