NO. 07-07-0173-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

APRIL 14, 2009

_____

WESTMONT HOSPITALITY GROUP, INC., APPELLANT

v.

HANK MORRIS, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY;

NO.  9415-C; HON. HOWARD S. WARNER, PRESIDING
_____

**MEMORANDUM OPINION**

_____

Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.[1]

In two issues, appellant Westmont Hospitality Group (Westmont)[2] contends the trial court erred in denying the bill of review it sought after a default judgment in favor of appellee Hank Morris was entered against it.  We agree and reverse the judgment.

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.  Tex. Gov't Code Ann. §75.002(a)(1) (Vernon 2005).

[2]Westmont owns, manages, and operates hotels throughout the United States and worldwide.

Background

The suit underlying the default judgment arises from an incident that occurred in 1990. At that time, Hank Morris, then a three-year old hotel guest, stuck himself with a hypodermic needle he found in a room of the Sheraton Town & Country Hotel in Houston, Texas. This incident gave rise to a lawsuit filed in October 2005 in which it was alleged that Morris was injured as a result.[3] Specifically, Morris alleged there was a concern about the possibility he was exposed to the HIV virus as a result of the injury. Morris had been tested on February 7, 1991, February 14, 1991, and again on May 19, 2000. Each test was negative for the HIV virus. In the suit giving rise to this appeal, Morris alleged his damages were proximately caused by negligent acts and/or omissions of Westmont.

On February 14, 2006, Morris filed a motion seeking a default judgment in which he alleged citation was sent to a constable's office in Houston. After finding the address to be incorrect,[4] the citation was transferred to another office for service at Westmont's corporate office. On December 5, 2005, the constable's office sent a Rule 106 affidavit to Morris' attorney stating that the office was unable to serve the citation. Thereafter, on December 20, 2005, a new citation was prepared containing the same incorrect address and served on the Secretary of State. On January 18, 2006, the certificate of service was

---

[3]Morris' parents brought and settled bystander claims against Westmont in 1992. Morris did not reach the age of majority until 2005. Thus, his claim did not ripen until that time.

[4]The citation listed Westmont's address to be 3535 Timmons Lane, Suite 460, Houston, Texas 77027. The parties stipulated the correct address for Westmont is 3555 Timmons Lane, Suite 460, Houston, Texas 77027.

completed, and the certificate was filed on January 23, 2006, with the County Court at Law in Hays County.

In Morris' motion seeking a default judgment, he alleged that the last date for Westmont to file an answer was February 13, 2006, and by February 14, 2006, it had neither responded to the suit nor maintained a registered agent and address for service of process, and had therefore defaulted. On February 21, 2006, the trial court granted Morris' motion and entered a default judgment awarding Morris a total of $107,000.

On October 13, 2006, Westmont sought a temporary restraining order against enforcement of the default judgment asserting that it had never received service of Morris' lawsuit. In seeking the order, Westmont asserted that although Morris correctly identified its registered agent for service, it had incorrectly listed its address which resulted in Westmont never receiving notice of Morris' suit. The temporary restraining order was granted by the trial court.

Thereafter, on October 18, 2006, Westmont filed its original petition seeking a bill of review in which it alleged that the default judgment against it obtained by Morris was wrongfully obtained. At the hearing on Westmont's request for a temporary injunction and temporary relief, noting that Westmont had never posted the required bond,[5] the trial court denied both of those requests by Westmont. Subsequently, the trial court denied Westmont's bill of review. Hence, this appeal.

---

[5]At the October 27, 2006 hearing, both parties noted that the failure to post a bond results in a voidable judgment. *See Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex. 1987).

Discussion

Westmont argues the trial court erred by: 1) using an informal evidentiary hearing to deny, rather than grant, its bill of review concerning the dispositive issue of the lack of proper service on Westmont; 2) failing to provide Westmont 45 days notice of trial; 3) failing to require Morris to meet all requirements for substituted service on the Secretary of State; 4) failing to follow notice and hearing requirements for ordinary hearings or trials; 5) penalizing Westmont ten percent of the entire amount of the judgment without evidence that it sought a temporary restraining order only for the purpose of delay or that the temporary order actually caused damage to Morris; and 6) penalizing Westmont for ten percent of the entire judgment without notice to Westmont or a hearing and by subsequently severing that portion from its factual basis without hearing, notice, or argument.

In considering the grant or denial of a bill of review, we may not disturb the trial court's ruling absent an abuse of discretion. *Interaction, Inc. v. State*, 17 S.W.3d 775, 778 (Tex. App.–Austin 2000, pet. denied). A trial court abuses its discretion if it has acted in an unreasonable or arbitrary manner, or without reference to any guiding rules or principles. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). In applying the abuse of discretion standard, reviewing courts defer to the trial court's factual determinations, and the reviewing court does not engage in its own factual review, but rather, it decides whether the record supports the trial court's resolution of factual matters. *Garza v. Attorney General of Tex.*, 166 S.W.3d 799, 808 (Tex. App.–Corpus Christi 2005, no pet.), *citing Goode v. Shoukfeh*, 943 S.W.2d 441 (Tex. 1997). If the record supports the trial court's evidentiary findings, the reviewing court is not at liberty to disturb them, and

4

is relegated to determining whether the trial court properly applied the law to the facts in arriving at its decision. *Id.* at 808, *citing State v. $217,590.00 in U.S. Currency*, 18 S.W.3d 631, 633-34 (Tex. 2000).

A bill of review is an equitable proceeding by which a party to a former action seeks to set aside a judgment that is no longer appealable or subject to a motion for new trial. *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979). To be entitled to a bill of review, a complainant must prove that he: 1) has a meritorious defense; 2) was prevented from asserting that defense by the fraud, accident, or wrongful act of his opponent or by official mistake; and 3) was not guilty of fraud or negligence. *Caldwell v. Barnes,* 154 S.W.3d 93, 96 (Tex. 2004).

However, bill of review plaintiffs that claim non-service are relieved of two elements that otherwise would be required to be proved in such a proceeding. *Id.* at 96. First, if a plaintiff was not served, constitutional due process relieves the plaintiff from the necessity of the need to show a meritorious defense. *Id.* Second, the plaintiff is relieved from showing that fraud, accident, wrongful act or official mistake prevented him from presenting a meritorious defense. *Id.* at 96-97. Even so, the bill of review plaintiff alleging non-service must still establish the third and final element required in a bill of review proceeding, namely, that the judgment was rendered unmixed with any fault or negligence on his part. *Id*. One who was not served with process cannot be at fault or negligent in allowing a default judgment to be rendered. *Id.*

In this case, the trial judge found that the county court issued its default judgment against Westmont on February 21, 2006, based upon a showing by Morris that the

5

following occurred: 1) attempted service was made by Deputy Constable I. Jiminez on at least two separate days at the Registered Office for Service of Process, at 3555 Timmons Lane, Suite 460, Houston, Texas 77027, and that neither Nasuad Kermali nor Jerry Burrell were found to be present; 2) attempted service was made by Deputy Constable Debra Powers at Westmont's principal office at 5847 San Felipe, #4650, Houston, Texas, on at least four separate days and she was advised by the receptionist that no one who would accept service was in; 3) service was made on the Texas Secretary of State on January 18, 2006, for forwarding to Westmont at 3535 Timmons Lane, Suite 460, Houston, Texas 77027. Westmont has not offered evidence to refute those facts.[6]

In advancing its appeal, and based upon the fact that Morris listed and attempted to serve it at an incorrect address, Westmont contends that the trial court failed to require Morris to comply with all the requirements for permissible substituted service of the Secretary of State. Specifically, Westmont emphasizes that the record reveals the Secretary of State's certificate lists the incorrect address for Westmont's registered agent and reflects that process was returned on January 18, 2006, with the notation "Not Deliverable As Addressed, Unable To Forward."

---

[6]Even though the trial court's order denying Westmont's quest for a bill of review was accompanied by findings of fact and conclusions of law, we are not bound by its findings of fact because we have a complete reporter's record. *Garza v. Attorney General of Tex.*, 166 S.W.3d 799, 814 n.15 (Tex. App.–Corpus Christi 2005, no pet.); *Tucker v. Tucker*, 908 S.W.2d 530, 532 (Tex. App.–San Antonio 1995, writ denied). Thus, we review the legal and factual sufficiency of the evidence to support those findings in the same manner as we review jury findings. *Garza v. Attorney General of Tex.,* 166 S.W.3d at 814 n.15. The final analysis as to whether the trial court erred in denying the petition for a bill of review remains subject to the abuse of discretion standard of review.

In advancing its argument of lack of citation service, Westmont must show by a preponderance of the evidence that the judgment was rendered without fault or negligence on its part. *Caldwell v. Barnes*, 154 S.W.3d at 96-97. Service of process on corporations is governed by the Texas Business Corporation Act. That act requires corporations to maintain a registered agent and registered office and requires that changes in the registered agent or office be made by filing a statement with the Secretary of State. Tex. Bus. Corp. Act Ann. art. 2.10 (Vernon Supp. 2008). In instances in which a corporation has failed to maintain a registered agent in Texas or whenever its registered agent cannot be found with reasonable diligence at the registered office, the Secretary of State may be served with process as an agent of the corporation. *Id.* art. 2.11.

Here, the record reflects that Morris contacted the Secretary of State to ascertain the office of Westmont's registered agent and attempted to serve the agent at the address provided by the Secretary of State. Although this may have been in compliance with a literal interpretation of article 2.11 of the Texas Business Corporation Act,[7] process was not actually completed because 3535 Timmons Lane was an incorrect address. Morris then attempted a new citation on the Secretary of State using the same incorrect address previously used for service.

The general presumptions of due service of citation in support of a default judgment will not be indulged, and the record must show strict compliance with the provided manner and mode of service of process. *TXXN, Inc.* v. D/FW Steel Co., 632 S.W.2d 706, 707 (Tex. App.–Fort Worth 1982, no writ), *citing Whitney v. L & L Realty Corp.*, 500 S.W.2d 94

---

[7] *See Capitol Brick, Inc. v. Fleming Mfg. Co.,* 722 S.W.2d 399, 401 (Tex. 1986).

(Tex. 1973). However, in determining whether there has been strict compliance with article 2.11, the reviewing court looks to the face of the record and, if the record shows that the defendant was served in the required manner, and the record shows pleadings which, if true, would require the defendant to answer, the court may uphold the default. *Id*. In *TXXN*, the court found the pleadings in question were sufficient to require an answer, that a constable had been unable to serve citation at the corporation's last known mailing address, and that another, and subsequent citation, was properly served upon the Secretary of State as agent for service of process. A certificate of the Secretary of State showed that a copy of the citation was forwarded by registered mail to the address of the appellant's registered office but that it was returned marked "Not Deliverable As Addressed, Unable To Forward." *Id*. The reviewing court found the plaintiff's pleadings were sufficient to require an answer and that the citations of service and the certification by the Secretary of State were sufficient to show that the appellant had been properly served in compliance with article 2.11. *Id.* at 708. The court also noted that the manner of service in that case was the result of the appellant's failure to comply with the statutory requirements that were designed to assure it of proper notice of pending suits and not because of fault on the part of the appellee. *Id.*

However, in this case, the record reveals that Westmont had provided the Secretary of State with the correct name and address of its registered agent. The address listed with the Secretary of State was 3555 Timmons Lane, Suite 460, Houston, Texas. However, each citation in the record reflects an incorrect address as 3535 Timmons Lane. Thus, the record shows that the incorrect address utilized was not the fault of Westmont but that it was Morris that utilized the incorrect address in each citation, even after being informed

that no building existed at 3535 Timmons and that 3555 Timmons was the correct address for Westmont's registered agent.

That being true, no proper service was made upon Westmont, and we are obligated to hold that the trial court abused its discretion in denying Westmont's petition for bill of review. This holding obviates the necessity for discussion of Westmont's remaining contentions. Tex. R. App. P. 47.1. The judgment of the trial court is reversed and the cause remanded to the trial court.

John T. Boyd
Senior Justice

9