**Affirmed and Majority and Dissenting Opinions filed October 31, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00211-CV

---

## ULADZISLAU NOVIK, Appellant

## V.

## LENDR, LLC, Appellee

---

**On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 1096630**

---

## MAJORITY OPINION

Uladzislau Novik appeals from a no-answer default judgment rendered against him and Stone Mountain Roofing & Restoration, Inc., in favor of Lendr, LLC f/k/a Viking Funding Group, LLC ("Lendr"). In two issues, Novik contends that the trial court erred in refusing to grant a new trial because: (1) Lendr's pleading does not strictly comply with the long-arm statute's requirements for

service on a nonresident,[1] and he was not properly served with process; and (2) he satisfied the *Craddock* test[2] for entitlement to a new trial after rendition of a default judgment. Stone Mountain has not appealed. We reject Novik's first issue because in its petition Lendr asserts facts that, if true, make Novik amenable to service through the Texas Secretary of State. Additionally, the Secretary's return of service establishes Novik's receipt of process, and Novik failed to rebut the presumption of receipt. We reject Novik's second issue because he failed to satisfy *Craddock*'s meritorious-defense element. We affirm the judgment.

## Background

In its petition, Lendr alleged that: (1) it is a resident of Harris County, Texas; (2) the events giving rise to the suit occurred or arose out of a contract signed by Novik and performable in Harris County; and (3) Novik could be served through the Texas Secretary of State at his home address of 948 Nimblewood Way, Stone Mountain, Georgia, 30088. Lendr asserted that the Texas Secretary of State is a proper agent for service because Novik and/or Stone Mountain does not have a regular place of business or designated agent for service of process in Texas.

In support of its claims, Lendr alleged that it "is a corporation that purchases future receipts from companies like [Stone Mountain]," and that the parties executed a "Payment Rights Purchase and Sale Agreement" (the "Agreement"). The Agreement is not in our appellate record, but according to Lendr, it provides that in return for a "purchase amount" Lendr is entitled to receive a percentage of Stone Mountain's future sales or receipts. To that end, according to Lendr, Lendr is permitted to debit Stone Mountain's bank account daily in an agreed-upon amount, and Stone Mountain is responsible for ensuring sufficient sums are

---

[1] *See* Tex. Civ. Prac. & Rem. Code §§ 17.041 *et seq.*

[2] *See Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124 (Tex. 1939).

2

available in the account.  Lendr stated that it complied with its end of the bargain by paying the purchase amount, but that Stone Mountain defaulted because daily debits from the account have failed or been rejected.  Lendr also alleged that the Agreement contains an unconditional personal guaranty, by which Novik personally guaranteed all obligations under the Agreement.  Lendr asserted claims against Stone Mountain and Novik for breach of contract, against Stone Mountain for conversion, and against Novik for breach of the guaranty.

The record contains a copy of the citation addressed to Novik and to be served through the Texas Secretary of State at Novik's purported home address in Georgia.  The record also contains a certificate from the Secretary of State, which certifies that:  (1) the Secretary received a copy of the original petition and citation in this action on August 25, 2017; (2) the Secretary forwarded the petition and citation by certified mail-return receipt requested to Novik on August 30, 2017; and (3) the certified mail return receipt was received by the Secretary dated September 2, 2017, bearing signature.  The Secretary of State's certificate was filed with the county clerk and is included in the appellate record.

Lendr filed a motion for default judgment, asserting that Novik had not filed an answer or appeared in the case despite having been served with the petition and that the damages were liquidated and proven by a written instrument.  Lendr attached an affidavit and supporting documentation purporting to show a history of credits and debits.  The trial court signed a final default judgment on February 5, 2018, against Stone Mountain and Novik for $22,703.04, plus $4,000 in attorney's fees, plus another $4,000 in attorney's fees conditioned on an unsuccessful appeal by either defendant.  The same day, the county clerk mailed written notice of the default judgment to Novik at the 948 Nimblewood Way address.

Unrepresented by counsel, Novik filed a timely "motion to set aside default judgment," a timely motion for new trial, and a notice of hearing on the motions. Novik supported the motion to set aside default judgment with an unsworn declaration.[3] In that motion, Novik asserted that the court should set aside the default because: (1) he was not properly served with citation and did not receive proper notice of the default-judgment hearing; (2) he did not file an answer due to mistake or accident; (3) he has a meritorious defense; and (4) granting a new trial would not cause delay or harm. In further support of his motion, Novik stated that he resides in Georgia, that he "changed residency address," and that he was not given notice or citation personally.

Novik raised additional arguments in his motion for new trial, but that motion was neither verified nor supported by an unsworn declaration.[4]

The trial court signed an order denying the motion for new trial. Our record contains no written order denying the motion to set aside default judgment, so we consider it overruled by operation of law. *See* Tex. R. Civ. P. 324b(c); Tex. R. App. P. 33.1(b). There is no reporter's record from the default-judgment hearing.

---

[3] A motion to set aside a default judgment must be verified to the extent the issues presented require the court to consider evidence. *See* Tex. R. Civ. P. 324(b)(1); *see also Pickell v. Guar. Nat'l Life Ins. Co.*, 917 S.W.2d 439, 443 (Tex. App.—Houston [14th Dist.] 1996, no writ) (sworn evidence required to support *Craddock* elements). In the context of today's case, an unsworn declaration satisfies the verification requirement. *See* Tex. Civ. Prac. & Rem. Code § 132.001(a).

[4] Novik filed an affidavit in our court after perfecting his appeal. In his affidavit, he offers additional facts in support of his arguments to set aside the default judgment or grant a new trial. Our review of the merits of the trial court's rulings on Novik's motions is limited to the record in the trial court at the time of each ruling. *See Perry Homes v. Cull*, 258 S.W.3d 580, 596 n.89 (Tex. 2008); *Baty v. Bowen, Miclette & Britt, Inc.*, 423 S.W.3d 427, 435 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). Because Novik's affidavit was not before the trial court at the time of the challenged rulings, we may not consider it. *See Perry Homes*, 258 S.W.3d at 596 n.89; *Baty*, 423 S.W.3d at 435.

4

No party requested, and the trial court did not sign, findings of fact or conclusions of law.

Novik appealed the judgment. Stone Mountain has not appealed.

## Issues Presented

In his first issue, Novik contends that the trial court erred in denying a new trial because he was not properly served with process. In an alternative second issue, Novik argues that the trial court erroneously denied a new trial because he established the *Craddock* elements. We review a trial court's denial of a motion for new trial after a default judgment for abuse of discretion. *See In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006) (per curiam). A trial court abuses its discretion if its decision is arbitrary, unreasonable, or without reference to guiding principles. *Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004). We first turn to Novik's arguments regarding service.

### A. The court did not err in denying a new trial on Novik's improper-service ground.

Under his first issue, Novik argues that Lendr was required to comply strictly with service requirements under the Texas long-arm statute, but Lendr failed to do so because its petition contains insufficient allegations to support service under that statute.

For a trial court to acquire jurisdiction necessary to support a default judgment upon substituted service under the Texas long-arm statute, (1) the pleadings must contain factual allegations that, if true, would make the defendant amenable to process under that statute, and (2) proof must appear in the record that the defendant, in fact, was served in the manner required by statute. *Capitol Brick, Inc. v. Fleming Mfg. Co.*, 722 S.W.2d 399, 401 (Tex. 1986); *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 95-96 (Tex. 1973); *Sec. Pac. Corp. v. Lupo*, 808

5

S.W.2d 126, 127 (Tex. App.—Houston [14th Dist.] 1991, writ denied). The plaintiff must strictly follow the requirements of the long-arm statute authorizing substitute service on the Secretary of State, and the plaintiff bears the burden of affirmatively showing such compliance. *McKanna v. Edgar*, 388 S.W.2d 927, 930 (Tex. 1965); *see also Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam) (for default judgment to withstand direct attack on appeal, strict compliance with rules governing service of process must affirmatively appear on face of record); *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990) (same). If the record on appeal fails to affirmatively show strict compliance with the rules governing service of process, the attempted service is invalid. *See Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam). In the face of a direct attack on a default judgment, there are no presumptions favoring valid issuance, service, and return of citation. *Id.*; *McKanna*, 388 S.W.2d at 929. Absent fraud or mistake, which Novik does not assert, a certificate from the Secretary of State's office is conclusive evidence that the Secretary of State, as the nonresident's agent, received service of process for the nonresident and forwarded it as required by the long-arm statute. *Capitol Brick*, 722 S.W.2d at 401.

Texas's "long-arm" statute, Civil Practice and Remedies Code sections 17.041 *et seq.*, provides that the Secretary of State is an agent for service of process on a nonresident in certain circumstances, including when a nonresident engages in business in Texas but does not maintain a regular place of business in Texas or a designated agent for service of process, in any proceeding arising out of the business done in Texas to which the nonresident is a party. Tex. Civ. Prac. & Rem. Code § 17.044(b). Lendr did not cite section 17.044 in its petition, but its allegation that "service through the Secretary of State is appropriate because

6

Defendant does not have a regular place of business, or a designated agent for service of process, in Texas" appears aimed at meeting the requirements of section 17.044(b).

According to Novik, Lendr did not allege in its petition that Novik does business in Texas or that this lawsuit arises from Novik's business in Texas. The record supports neither contention. As relevant here, a nonresident does business in Texas if the nonresident "contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part" in Texas. *Id.* § 17.042(1). Lendr sufficiently asserted factual allegations in the original petition that Lendr and Novik are parties to the Agreement, including the personal guaranty, and that Lendr is a Texas resident. Further, Lendr alleged that the contract forming the basis of this suit was performed in Harris County. These allegations, if true, satisfy the part of section 17.044(b) authorizing substituted service on a "nonresident who engages in business in this state." *See id.* §§ 17.042(1), 17.044(b).

Additionally, Lendr alleged that the claims arose in Harris County, and that the parties signed the Agreement in Harris County. Lendr asserted that Novik breached the Agreement and the personal guaranty. Because the Agreement and personal guaranty—alleged to have been signed in Texas and performable in Texas—are the agreements forming the basis of Lendr's breach-of-contract claims, those claims arise out of Novik's business allegedly done in Texas. Accordingly, Lendr's petition contains allegations satisfying the part of section 17.044(b) requiring that the proceeding arise out of the nonresident's business done in this state. Lendr asserts factual allegations that, if true, make Novik amenable to jurisdiction in Texas under the long-arm statute. *See Info. Servs. Grp. Inc. v. Rawlinson*, 302 S.W.3d 392, 399 n.4 (Tex. App.—Houston [14th Dist.] 2009, pet.

denied) (holding that under a liberal construction of the pleadings, plaintiffs satisfied their initial pleading burden by alleging the defendant "entered into contracts with Texas companies calling for performance in part in Texas," had "breached his agreements with the appellants," had "engaged in significant activities in or related to Texas," and had "conducted business and negotiated in Texas with Texas residents"); *Fairmont Homes, Inc. v. Upchurch*, 704 S.W.2d 521, 524 (Tex. App.—Houston [14th Dist.] 1986) (allegations sufficient under long-arm statute to support default judgment), *aff'd as modified by* 711 S.W.2d 618 (Tex. 1986) (per curiam).

Our dissenting colleague would sustain Novik's pleading arguments because in her view Lendr's petition "does not specifically allege that Novik signed the agreement in Texas" and "does not allege that Novik entered a contract with a Texas resident." But we are to construe allegations liberally in this context, and the petition clearly asserts that the agreement was signed in Harris County, that Novik signed it, and that Lendr resides in Texas.[5] The dissenting justice suspects that Lendr's allegation of Texas residency may not be true because Novik contends that the contract he signed was with Viking Funding Group, LLC, a New York corporation.[6] The dissenting justice cites payment statements in the record showing a New York street address connected with Viking's web address.[7] The issue, however, is not whether the plaintiff's allegations *are* true, but rather whether the allegations, *if* true, would make the defendant amenable to process

---

[5] *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Rawlinson*, 302 S.W.3d at 399 n.4.

[6] As noted, the named plaintiff is "Lendr, LLC f/k/a Viking Funding Group, LLC."

[7] Novik offered evidence in support of his assertion that he signed an agreement with Viking, but that evidence is contained in an affidavit he filed in our court after perfecting appeal and was not part of the trial court record. Thus, we cannot consider this assertion, and the dissenting justice agrees. *See Perry Homes*, 258 S.W.3d at 596 n.89; *Baty*, 423 S.W.3d at 435.

8

under the Texas long-arm statute. *Capitol Brick*, 722 S.W.2d at 401; *Whitney*, 500 S.W.2d at 95-96. In sum, the dissenting justice would impose a significantly elevated pleading burden on plaintiffs who seek to establish the propriety of substituted service on the Secretary of State under the long-arm statute.

Novik also contends that he did not receive service of the petition and citation and thus the trial court should have granted a new trial "as a matter of course." *See Fid. & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 573-74 (Tex. 2006). A defendant is not entitled to have a default judgment set aside if the return of service includes the proper recitations and the defendant's alleged nonreceipt of service of process is uncorroborated. *Id.*; *Primate Constr.*, 884 S.W.2d at 152. The return of service is not a trivial, formulaic document and is considered prima facie evidence of the facts it recites. *Fid. & Guar. Ins. Co.*, 186 S.W.3d at 573-74. "The recitations in the return of service carry so much weight that they cannot be rebutted by the uncorroborated proof of the moving party." *Id.* Thus, we turn to Novik's proof.

In the trial court, Novik challenged the default judgment in two motions: a motion for new trial and a motion to set aside the default judgment. In his motion for new trial, Novik asserted that he was not "properly served" with citation. However, Novik did not support his motion for new trial with any verification or sworn proof. Thus, the trial court did not err in denying that motion. *See* Tex. R. Civ. P. 324(b)(1).

In his motion to set aside the default judgment, Novik asserted that he lacked notice of the suit and the hearing because he resides in Georgia, he was "not notified or served properly," and he was not "given notice or citation personally." The motion is supported by an unsworn verification. We first pause to note a slight variance between Novik's argument in his appellate brief and the argument

9

in his motion to set aside the default judgment. He argues on appeal that he did not receive the citation and petition; whereas in the trial court, in his motion to set aside the default, Novik did not deny receiving service but stated merely that he was not served "properly" or "personally." To the extent Novik's trial-court statements that he was not served "properly" or "personally" were meant to assert that he did not receive the citation and petition at all, we note that the clerk's record contains a copy of the return of service from the Texas Secretary of State. Absent fraud or mistake, a certificate from the Secretary of State's office is conclusive evidence that the Secretary of State received service of process and forwarded the process as required. *Campus Invests., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004); *Capitol Brick*, 722 S.W.2d at 401. There is no evidence of fraud or mistake in the instant case, and the Secretary of State's certificate is conclusive evidence (1) that the Secretary of State received service of process in accordance with Civil Practice and Remedies Code section 17.044, and (2) that the Secretary, in accordance with section 17.045 of the same code, forwarded a copy of the process to Novik at the address alleged in the pleadings to be Novik's home address—the same address that appears on the citation.

Because the Secretary's return of service appears in the record, it is conclusive proof of service unless Novik corroborated with evidence his assertion that he did not receive the petition and citation. *Fid. & Guar. Ins. Co.*, 186 S.W.3d at 573-74; *Primate Constr.*, 884 S.W.2d at 152. Novik did not offer corroborating evidence of non-receipt with his motion to set aside the default judgment and, indeed, Novik did not assert that he never received service of process. Novik did not rebut the recitations contained in the Secretary's return of service. Novik's assertions in the motion to set aside the default judgment, though supported by an unsworn declaration, never went beyond the legal conclusion of his own denial that

he was served properly or personally. Thus, the presumption created by the Secretary's return of service remains unrebutted. *See Min v. Avila*, 991 S.W.2d 495, 503 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Novik presented no independent facts and circumstances that supported and thus corroborated his claim. *See Seaprints, Inc. v. Cadleway Props., Inc*., 446 S.W.3d 434, 440 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

For these reasons, we overrule Novik's first issue.

## B. The trial court did not err in denying a new trial based on *Craddock*.

Because we hold that the trial court did not abuse its discretion in denying Novik's post-trial motions on the basis of defective service of citation, we turn to Novik's second issue in which he contends he met the *Craddock* test for setting aside a default judgment. *Craddock*, 133 S.W.2d at 126; *see also Primate Constr.*, 884 S.W.2d at 152. A trial court abuses its discretion if it refuses to set aside a default judgment and grant a new trial when: (1) the failure of the defendant to answer before judgment was not intentional or the result of conscious indifference, but rather due to a mistake or an accident; (2) the motion for new trial sets up a meritorious defense; and (3) granting a new trial will occasion no undue delay or otherwise injure the party taking the default judgment. *Craddock*, 133 S.W.2d at 126. If the movant does not satisfy all three prongs, the trial court does not abuse its discretion in refusing to set aside a default judgment. *See Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009) (per curiam). We address only the second *Craddock* element because that issue is dispositive.

The second prong of the *Craddock* test requires Novik to "set up" a meritorious defense in his motion for new trial. *See id.* at 927. "Setting up a meritorious defense does not require proof 'in the accepted sense.'" *Id*. at 927-28 (quoting *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966)). Rather, a motion for

11

new trial sets up a meritorious defense if in it the movant alleges facts which in law would constitute a defense to the plaintiff's claim and supports those facts by affidavits or other evidence providing prima facie proof that the defendant has such a defense. *Id*. at 928.

Here, we may not consider Novik's assertions in his motion for new trial because that motion was not "supported by affidavits or other evidence providing prima facie proof that the defendant has such a defense." *Id*. at 928. However, we will consider whether Novik set up a meritorious defense in his motion to set aside the default judgment because he supported that motion by unsworn declaration. In that document, Novik stated that he has a meritorious defense because: "I reside in the state of Georgia. I changed residency address. I was not given notice or citation personally." These assertions, however, pertain to a claim of defective service; they do not as a matter of law constitute a defense on the merits to Lendr's claims for breach of contract, conversion, and breach of the guaranty. *See Abuzaid v. Modjarrad & Assocs., P.C.*, No. 05-16-00777-CV, 2017 WL 5559591, at *9 (Tex. App.—Dallas Nov. 14, 2017, no pet.) (mem. op.) (defendant failed to set up meritorious defense and did not satisfy *Craddock*'s second prong); *Equinox Enters., Inc. v. Associated Media Inc*., 730 S.W.2d 872, 876 (Tex. App.—Dallas 1987, no writ).

We overrule Novik's second issue.

We affirm the trial court's judgment.

/s/    Kevin Jewell
       Justice

Panel consists of Chief Justice Frost and Justices Jewell and Bourliot. (Bourliot, J., dissenting).

12