Volly BASTINE, Jr., Appellant,

v.

COMMISSION FOR LAWYER DISCIPLINE, Appellee.

No. 01–95–00738–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 29, 1996.

Before WILSON, COHEN and O'CONNOR, JJ.

## OPINION

WILSON, Justice.

The appellant, Volly Bastine, Jr., failed to timely answer a disciplinary petition filed against him by appellee, the Commission for Lawyer Discipline (the Commission). The Commission moved for a default judgment which was granted by the trial court. The resulting judgment disbarred Bastine, and ordered him to pay the Commission attorneys' fees.

Bastine now appeals the default judgment claiming in four points of error the trial court erred because: (1) no record of the default judgment hearing was pre- pared; (2) no pleadings or evidence were presented to support disbarment; (3) the judgment of disbarment is excessive; and (4) the trial court should have granted his motion for new trial.

We affirm in part and reverse and remand in part.

**Summary of facts**

On January 13, 1995, the Commission filed a disciplinary petition against Bastine alleging in two distinct causes of action that he violated the Rules of Professional Conduct. The Commission asserted in its first claim that Bastine had signed a judgment of public reprimand issued by a grievance committee of the State Bar of Texas that required Bastine as part of the judgment to pay $200 in attorneys' fees to the State Bar. The petition alleged Bastine's failure to pay the fees violated rule 8.04(a)(7) of the Texas Disciplinary Rules of Professional Conduct.[1]

The Commission alleged in its second cause of action that the grievance committee had sent a letter to Bastine requesting information in response to a separate complaint brought against him by Johnny E. Irving, a former client. The Commission charged Bastine "knowingly failed to respond to a lawful demand for information from a disciplinary authority, to-wit, the Grievance Committee for State Bar District 4C, thereby engaging in professional misconduct," in violation of TEX. DISCIPLINARY RULES OF PROF. CONDUCT Rule 8.01(b) (1989).

Bastine was served with the petition on January 31, 1995, and his answer was due before 10:00 a.m. on February 27, 1995. TEX.R.CIV.P. 99, 107. Bastine did not file an answer to the petition until March 27,

---

1. SUPREME COURT OF TEXAS, STATE BAR RULES art. X, § 9 (Texas Disciplinary Rules of Professional Conduct) Rule 8.04(a)(7) (1994) [hereinafter TEX. DISCIPLINARY RULES OF PROF. CON- DUCT] (located in the pocket part for Volume 3 of the Texas Government Code in title 2, subtitle G, app. A, following § 83.006 of the Government Code).

1995. The Commission filed a motion for default judgment, and on March 9, 1995, the trial court rendered the default judgment disbarring Bastine and ordering him to pay the Commission $1,500 in attorneys' fees.

Bastine filed a motion for new trial and an amended motion for new trial. The trial court conducted a hearing, and after considering evidence and argument of counsel,[2] overruled the amended motion for new trial.

## Consequences of Failure to Answer

■ A non-answering party has "admitted" the facts properly pled and the justice of the opponent's claim. *Stoner v. Thompson,* 578 S.W.2d 679, 682 (Tex.1979). Therefore, the alleged violations of Tex.R.Disciplinary P. 8.04(a)(7) and 8.01(b) as pled by the Commission in its two causes of action stand admitted because of Bastine's failure to timely file an answer to the suit. Accordingly, we affirm that portion of the trial court's judgment that renders a default judgment on the allegations of misconduct contained in the Commission's pleadings.

## Absence of statement of facts

■ In his first point of error, Bastine argues the trial court committed error by rendering a default judgment against him without making a record of the default judgment hearing. Although it is not clear from the record before this Court whether the trial court conducted a hearing before rendering its default judgment, both parties concede such a hearing took place. Generally, when a trial court conducts a hearing and an appellant exercising due diligence is unable to obtain a proper record of the evidence introduced through no fault of his own, a new trial is required if the appellant's right to appellate review cannot be preserved in any other way. *Smith v. Smith,* 544 S.W.2d 121, 123 (Tex. 1976).

When a default judgment is rendered against a defendant and the cause of action is unliquidated or not proved by an instrument in writing, the trial court must hear evidence as to damages. Tex.R.Civ.P. 243. The Rules of Disciplinary Procedure provide that "[t]he trial court may, in its discretion, conduct a separate evidentiary hearing on the appropriate Sanction or Sanctions to be imposed" in a disciplinary proceeding. Tex.R.Disciplinary P. 3.10 (1992);[3] *State Bar of Texas v. Kilpatrick,* 874 S.W.2d 656, 659 (Tex.), *cert. denied,* 512 U.S. 1236, 114 S.Ct. 2740, 129 L.Ed.2d 860 (1994). The Commission contends its claim for the imposition of an appropriate disciplinary sanction was not a claim for unliquidated damages and did not require the presentation of evidence in a separate hearing.[4]

■ We agree with the Commission that Bastine's failure to answer the petition admits the violation of the disciplinary rules as alleged. However, we do not need to reach the more fundamental question posed by the Commission of whether a separate punishment hearing was required because, in this case, a hearing was held of which no record was made. Without a record of this hearing, we cannot determine what, if any, evidence was presented by the Commission detailing the bare allegations in its petition, or, more importantly for our judgment, regarding the imposition of the penalty.

---

2. Bastine did not testify at the hearing on his amended motion for new trial.

3. *Reprinted in* Tex.Gov't Code Ann. tit. 2, subtit. G, app. A–1 (Vernon Supp.1996).

4. The Commission apparently interprets the rule to permit the trial judge in his/her discretion to conduct a hearing or not to conduct a hearing, rather than as only an option to conduct a bifurcated trial.

One court of appeals has held that a hearing is not necessary when the appropriate disciplinary action can be determined from the pleadings. *See Sutton v. State Bar of Texas,* 750 S.W.2d 853, 854–55 (Tex.App.—El Paso 1988, writ denied). *Sutton,* unlike this case, involved a post-answer default judgment. 750 S.W.2d at 854. In *Sutton,* the court found the harm to the clients could be determined from the acts alleged in the petition filed by the State Bar of Texas. *Id.* The issue before us in this case is not whether the trial court is required to conduct a hearing, but what steps must be taken to insure full appellate review when a hearing is conducted. Because the trial court in this case chose to conduct a hearing, we find *Sutton* distinguishable.

■ The judgment of a trial court in imposing sanctions in a disciplinary proceeding may be so light, or so heavy, as to constitute an abuse of discretion. *Kilpatrick,* 874 S.W.2d at 659. Further, in determining the appropriate sanction for attorney misconduct, a trial court must consider the nature and degree of the professional misconduct, the seriousness of and circumstances surrounding the misconduct, the loss or damage to clients, the damage to the profession, the assurance that those who seek legal services in the future will be insulated from the type of misconduct found, the profit to the attorney, the avoidance of repetition, the deterrent effect on others, the maintenance of respect for the legal profession, the trial of the case, and other relevant evidence concerning the attorney's personal and professional background. TEX.R.DISCIPLINARY P. 3.10 (1992); *Kilpatrick,* 874 S.W.2d at 659. In addition, "the Respondent's disciplinary record, including any private reprimands, is admissible on the appropriate Sanction to be imposed." TEX.R.DISCIPLINARY P. 3.10 (1992).[5]

Because we must review the actions of the trial judge to determine if an abuse of discretion occurred in the imposition of sanctions, we must be able to consider a full record of the proceedings concerning punishment in the trial court. In this case, Bastine's right of appellate review of the assessment of punishment was not preserved because the hearing concerning punishment was not recorded. Accordingly, we sustain the portion of Bastine's first point of error concerning the absence of a record only as it pertains to the trial court's determination of the appropriate sanctions.

■■ Before the default judgment was rendered, counsel for the Commission filed an affidavit in support of the request for attorneys' fees. A demand for reasonable attorneys' fees is a claim for unliquidated damages, and an award of fees must be based upon evidence in support of the pleadings. *Higgins v. Smith,* 722 S.W.2d 825, 827–28 (Tex.App.—Houston [14th Dist.] 1987, no writ). The affidavit filed by the Commission appears in a supplemental transcript and states, in part:

> In excess of ten hours of work by an attorney have been performed on this matter including reviewing the Grievance Committee's file, the drafting of the pleadings, which includes the Disciplinary Petition, a Motion for Default Judgment and accompanying documentation, and the Default Judgment of Disbarment, as well as communications with the Respondent, and drafting a Settlement Memorandum for consideration by the Commission for Lawyer Discipline.

---

5. Because of the multitude of considerations the trial judge must consider before imposing an appropriate penalty from a range of options, we consider the analogy mentioned in *Sutton* to unliquidated damages helpful. *Sutton,* 750 S.W.2d at 854.

I have practiced in the district courts of Texas for 11 years. I am familiar with the fees customarily charged by attorneys in the district courts of Texas in matters such as the present one. Based on my experience, it is my belief that a reasonable attorney's fee for the work performed in this matter would be not less than [$1,500].

We conclude this affidavit supports the trial court's award of $1,500 attorneys' fees for the Commission.

The Commission's claim for attorneys' fees, while unliquidated, was supported by the affidavit filed by its counsel and did not require additional evidence. We overrule the portion of Bastine's first point of error as it relates to the trial court's decision to award the Commission attorneys' fees.

**Pleadings and evidence supporting judgment of disbarment**

In his second and third points of error, Bastine argues the pleadings and evidence presented to the trial court did not warrant or support a judgment of disbarment and such a sanction was excessive and constituted an abuse of discretion by the trial court.

If a trial court finds an attorney's actions constitute professional misconduct, the court shall determine the appropriate sanction or sanctions to be imposed. TEX.R.DISCIPLINARY P. 3.09 (1992). Disbarment is among those sanctions available to a trial court. TEX.R.DISCIPLINARY P. 1.06(T)(1) (1992). A trial court has broad discretion in making this determination. *Kilpatrick*, 874 S.W.2d at 659; *State Bar of Texas v. Wolfe*, 801 S.W.2d 202, 204 (Tex.App.—Houston [1st Dist.] 1990, no writ).

We need not decide whether the allegations expressed in the Commission's petition, standing alone, are sufficient to support a sanction of disbarment. Because we are not presented with a complete rec-ord of the proceedings in the trial court and it is not apparent what other evidence it may have considered in making its decision to sanction Bastine by disbarment, we cannot address these points of error.

In his fourth point of error, Bastine contends the trial court erred by overruling his motion for new trial. Our disposition of his first point of error also makes consideration of this point unnecessary.

We affirm the judgment of the trial court awarding attorneys' fees to the Commission. Further, we affirm that part of the trial court's judgment finding Bastine in violation of certain disciplinary rules. We reverse the judgment of the trial court disbarring Bastine, and remand the cause for a new trial on the appropriate sanction for the admitted acts of misconduct.