Opinion issued April 7, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00787-CV

———————————

Norma David, Appellant

V.

Virginia
David, Appellee



 



 

On Appeal from the 165th District Court  

Harris County, Texas



Trial Court Case No. 2007-70840

 



 

MEMORANDUM OPINION

          Virginia David sued Norma and Robert
David for an unpaid debt.  The trial
court granted Virginia’s summary judgment and awarded actual damages,
prejudgment and post-judgment interest, and attorney’s fees.  Norma appeals, contending that the trial
court erred by granting summary judgment because: (1) no competent evidence
supported Virginia’s claim; (2) the statute of limitations barred Virginia’s
suit on the debt; (3) a
fact issue remained regarding whether a letter written by Norma was sufficient
to constitute an acknowledgment of an otherwise time-barred debt; (4) the trial
court granted summary judgment based on a theory of recovery that Virginia
never pleaded; (5) no evidence existed for the award of attorney’s fees; (6) no
evidence existed for the award of actual damages; and (7) the trial court
miscalculated prejudgment and post-judgment interest.  

          We
hold that the statute of limitations does not bar Virginia’s suit on the debt
because Norma acknowledged the debt and thus revived it, the trial court did
not grant summary judgment on a theory that Virginia never pleaded, and Norma
waived her complaints about the competency of the summary judgment evidence.  Virginia failed, however, to meet her summary
judgment burden to conclusively prove the amount of actual damages and her
reasonable and necessary attorney’s fees. 
We therefore reverse the summary judgment and remand for further
proceedings.   

Background

          In
1991, Virginia loaned Norma money in exchange for a promissory note signed by
Norma.  The promissory note states: 

 

          TO WHOM IT MAY CONCERN: 

 

          This will serve as promissory note to Virginia Wong David
for the following:

. . . 

 

[$]13,000.00 loan + interest
of $1,049.87 (12/91)

 

[$]9,641.36 current Credit
Union share interest included

 

[$]8,000.00 [loan] +
interest of $1,690[.00] due 3/92

 

          This supersedes any promissory notes written prior to this
date. All other notes . . . are void.  

 

          In
2006, Norma sent a certified, signed letter to Virginia regarding the the loans.  In the letter, she stated:

          Dear Ms. Virginia David[,]

 

          I apologize[] for not responding
sooner[.]  I had to review your       amortization schedules[,] and I am
enclosing the schedules that I      prepared
based on the interest rate agreed when the loans were       originated and eventually changed by you.  I always [had] the     intentions to pay out debts but unfortunately, our job situation
did not           allow us to do that on a
timely basis.

 

          . . . .

 

          We are very grateful for your help[,]
and I would like to ask if you can    PLEASE
stop the interest since I will not be able to pay it off when it keeps on increasing. . .  I am overwhelmed by the amount of
increase.       However, I will make every effort to pay and I am enclosing a
money       order for $200[.00] as my
monthly payment.  We will believe God   [will] help us so we can pay you sooner. 

          

          . . . . My repeated request to deduct
the interest we earned for you has     been
ignored repeatedly[,] and I pray that you will be fair and deduct     the net amount from the interest that you
are charging me.  The total interest we earned for you from 1987–1992 was $11,574.29 and after        subtracting the income tax paid, you netted $9,442.95 the
amount I have been requesting to be
subtracted from the balance due.  

 

          I did not send any more money after I
[sent] you all the copies of the       cancelled
checks because I was waiting for your statement since I         have already given you $27,300[.00] plus the net of the
interest I   earned for you of $9,442.95,
which totaled $36,742.95.  The original        loan amount is $30,707.43.  

 

          . . . . 

 

          I am enclosing the corrected amortization
schedules per my records. 

 

          Schedule 1            $5,000[.00] + $8,000[.00] 

 

                                      Paid in
full and overpayments credited to Loan #2. 

 

          Schedule 2            $9,707.43

 

                                      The
[s]chedule you sent me showed this loan                                             amount to be $9,641[.00]
starting on 8/1/91.  The                                               Promissory Note dated 12/16/91
references an                                          amount
of $9,641.36, which you had on deposit in                                                a
credit union account in our name.  This
deposit                                         was
originally opened in 1/90 with $9,386.72. 
                                          Interest
earned on that money, net taxes, grew the                                            money
to $9,707.43 on 1/93.  You converted this
                                         credit
union deposit into a loan and began charging                                   10% compounding
monthly on 1/93. 

 

          Schedule 3            $8,000.00 

 

                                      In my
schedule I included a payment of                                                     $1,000[.00] on 4/92 that you
incorrectly attributed                                             to Loan #1.  

          . . . . 

          

          In
2007, Norma stopped making payments on the two outstanding loans to Virginia.  Later that year, Virginia sued Norma and her
husband, Robert, for the unpaid debt.  Norma
and Robert answered and moved for summary judgment.  In their answer, they asserted that Norma had
paid Virginia all amounts due on the loans. 
To support this contention, they attached copies of payments they made
to Virginia between 1987 and 2002.  According
to their summary judgment motion, the statute of limitations barred Virginia’s
claim against them.  Virginia filed her
own motion for summary judgment, contending that she was entitled to judgment
on the unpaid debt as a matter of law.  See Leavings v. Mills, 175 S.W.3d 301, 309 (Tex.
App.—Houston [1st Dist.] 2004, no pet.) (“To prevail on a summary judgment
motion, a party seeking to enforce a note must prove (1) that a certain note is
in question, (2) that the party sued signed the note, (3) that the plaintiff is
the owner or holder of the note, and (4) that a certain balance is due and
owing on the note.”).

          The
trial court granted Virginia’s motion for summary judgment and denied Norma and
Robert’s motion.  The court awarded
Virginia: (1) $17,707.43; (2) prejudgment interest at the rate of 10% per year
commencing from the 30th day from the date the balances were due; (3)
post-judgment interest of 10% per year until the total amount is paid; (4)
$5,000.00 in attorney fees, and (4) all costs of court and reasonable expenses
incurred by Virginia in prosecuting the claim. 

Discussion

Standard of Review 

          We review de novo the
trial court’s ruling on a motion for summary judgment.  Mann Frankfort
Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex.
2009).  In a traditional motion for
summary judgment, the movant must establish that no genuine issue of material
fact exists and that the movant is entitled to judgment as a matter of law. 
Tex. R. Civ. P. 166a(c).  To determine if the nonmovant raised a fact
issue, we review the evidence in the light most favorable to the nonmovant,
crediting favorable evidence if reasonable jurors could do so, and disregarding
contrary evidence unless reasonable jurors could not.  See Fielding,
289 S.W.3d at 848 (citing City of Keller v. Wilson, 168 S.W.3d 802, 827
(Tex. 2005)).  When both sides move for summary judgment, and
the trial court grants one motion and denies the other, the reviewing court
considers both sides’ summary judgment evidence and determines all issues
presented. Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  

Competency of Summary Judgment Evidence 

          Norma
contends that the trial court erred in granting Virginia’s summary judgment
motion because Virginia did not present competent evidence to support her claim
for the unpaid debt.  Virginia submitted the following evidence: (1) a copy of
the 1991 promissory note signed by Norma; (2) a copy of the 2006 letter, (3)
copies of payments by Norma from 2006 and 2007 and (4) amortization schedules prepared
by Virginia for the three loans showing an unpaid balance for each of them.   Norma maintains that Virginia’s
evidence, specifically the copy of the 2006 letter, was not competent evidence
because it was unauthenticated, unsworn, and unaccompanied by affidavits.  See
Hall v. Rutherford, 911 S.W.2d 422, 426 (Tex. App.—San Antonio 1995, writ
denied) (holding that unauthenticated, unsworn, and unsupported letter is not
entitled to consideration as summary judgment evidence).  

          Copies
of original documents are acceptable in summary judgment proceedings if
accompanied by a properly sworn affidavit that states the attached documents
are “true and correct” copies of the original. Republic Nat’l Leasing Corp.
v. Schindler, 717 S.W.2d 606, 607 (Tex. 1986).  A nonmovant waives defects in the form of
summary judgment evidence by not timely objecting and obtaining a ruling.  Tex.
R. Civ. P. 166a(f); see also Mathis v. Bocell, 982 S.W.2d 52, 59 (Tex. App.—Houston
[1st Dist.] 1998, no pet.).  But a nonmovant
need not object to substantive defects in summary judgment evidence.  See id.  Defects in the authentication of attachments
in support of a motion for summary judgment or response are defects of form,
and they are waived without proper objection in the trial court.  See Watts v. Hermann Hosp., 962 S.W.2d 102, 105 (Tex. App.—Houston
[1st. Dist.] 1997, no pet.) (holding that objection to authentication of
hospital discharge records attached to motion for summary judgment waived
because not raised in trial court); Jones
v. Jones, 888 S.W.2d 849, 852 (Tex. App.—Houston [1st Dist.] 1994, no
writ.) (holding that objection to uncertified copies of documents attached to
summary judgment motion was waived because lack of certification was formal
defect, and nonmovant did not raise it at trial); Marchal v. Webb, 859 S.W.2d 408, 417 n.6 (Tex. App.—Houston
[1st Dist.] 1993, writ denied)(same); see
also Nichols v. Lightle, 153
S.W.3d 563, 569 (Tex. App.—Amarillo 2004, pet. denied) (holding that lack of
authentication or other verification for attachments to summary judgment motion
was formal defect).    

          Because
Norma did not object to the authentication of Virginia’s attachments in support
of her motion for summary judgment in the trial court, Norma waived her
complaints about them on appeal. Norma cites Tucker v. Atl. Richfield Co.,
787 S.W.2d 555, 557 (Tex. App.—Corpus Christi 1990, writ. denied), and Trimble
v. Gulf Paint & Battery, Inc. 728 S.W.2d 887, 889 (Tex. App.—Houston
[1st Dist.] 1987, no writ), but these cases are distinguishable because they
involve affidavits, not authentication of documents.  In both cases, the courts of appeals held that
the absence of a jurat on a purported affidavit is not just a formal defect but
is substantive and this is not waived by failure to bring it to the trial
court’s attention. Tucker, 787 S.W.2d
at 557; Trimble, 728 S.W.2d at 889. 


          Norma also challenges the 2006 letter
as hearsay.  Hearsay is a defect in form,
and a nonmovant waives the hearsay objection if she does not raise it at the
trial court.  Wilson v. Gen. Motors Acceptance Corp., 897 S.W.2d 818, 821–22
(Tex. App.—Houston [1st Dist.] 1994, no writ) (holding hearsay in affidavit is defect
in form).  Norma did not object that the
2006 letter was hearsay at the trial court, but it is not hearsay in any event
as the letter is an admission by a party opponent.  See Tex. R. Evid. 801(e)(2).     

Statute
of Limitations and Acknowledgment of Loans

          Norma
asserts that the trial court erred in granting Virginia’s summary judgment
motion and denying her own motion because Virginia’s cause of action based on
the 1991 promissory note accrued in 1991 when the note matured, and Norma
neither extended nor acknowledged the loans after that date, causing the
statute of limitations to run in 1995.   See Tex. Civ. Prac. & Rem. Code Ann. §
16.004 (West 2002) (statute of limitations is four years for claims involving a
debt).   In addition, she maintains that fact
issues exist as to whether the 2006 letter was sufficient to constitute an
acknowledgment of her debt to Virginia.  

          The statute of limitations for a claim
involving a debt may be avoided if the party to be charged acknowledges the
debt in writing.  See Tex. Civ. Prac. &
Rem. Code Ann. § 16.065 (West 2008).  An acknowledgment of a debt must (1) be in
writing and signed by the party to be charged; (2) contain an unequivocal acknowledgment
of the justness or the existence of the particular obligation; and (3) refer to
the obligation and express a willingness to honor that obligation.  Stine v. Stewart, 80 S.W.3d 586, 591 (Tex. 2002).  “The amount of the obligation the acknowledgment
describes must be susceptible of ready ascertainment.”   Id. at
591–92.  An acknowledgment of an existing
debt creates a new obligation.  Id. at 591.  Whether a writing sufficiently acknowledges a
debt is a question of law.  Bright
& Co. v. Holbein Family Mineral Trust, 995 S.W.2d 742, 745 (Tex. App.—San Antonio 1999, pet. denied);
Medal, L.P. v. Kvaerner Process Sys. US,
Inc., No. 14-03-01334-CV, 2004 WL 1192894, at *1 (Tex. App.—Houston [14th
Dist.] June 1, 2004, no pet.). 

          Here, Norma signed the 2006 letter she
sent to Virginia.  In the letter, she writes
that it was her intent to honor the debt owed to Virginia.  She explicitly references the 1991 promissory
note and states she has three loans with Virginia for $13,000.00, $9,707.43,
and $8,000.00.  She maintains that she
would continue to make payments on the remaining amounts owed, even though she
had not been able to do so in a timely manner. 
The letter indicates that she included amortization schedules with the
letter for each of the three loans and a payment of $200.00.  Norma unequivocally acknowledges the loans
owed to Virginia and expresses a willingness to honor the obligations.  See  Stine, 80 S.W.3d at 592 (holding agreement referring to creditor
and  amount of unpaid principal and
expressly providing how and when debtor would pay was acknowledgment that debt
existed); Andrews v. Cohen,
664 S.W.2d 826, 828–29 (Tex. App.—Tyler 1984, writ ref’d n.r.e.) (noting
debtor’s statement “we will agree that the total indebtedness . . . is $90,000”
was acknowledgment of indebtedness).  The fact that Norma asks Virginia to stop
charging her interest on the loans does not make her acknowledgment equivocal;
she states that although the increase due to the interest overwhelms her, she
will make every effort to pay the debt.  Cf. Mandela v. Oggero, 508 S.W.2d 861,
863 (Tex. Civ. App.—Houston [14th Dist.] 1974, no writ) (holding debtor’s
statement that debtor “had or may have certain liabilities or obligations” was
equivocal and did not constitute an acknowledgment of debt).  Accordingly,
we hold that the letter meets the statutory prerequisites for an
acknowledgment. See Tex. Civ. Prac. & Rem. Code Ann. §
16.065; Stine, 80 S.W.3d
at 591.  We hold that the statute of
limitations does not bar Virginia’s claim for the unpaid debt against Norma because
Norma acknowledged the debt in 2006, and Virginia brought this action in
2007.  See Tex. Civ. Prac. &
Rem. Code Ann. § 16.004.

Pleading
Objection 

          In both her original petition and first amended petition,
Virginia relies on the 1991 promissory note to support her claim for her unpaid
debt.  She supports her motion for
summary judgment with the 2006 letter to prove that Norma acknowledged the debt
and made a “new promise” to pay it.  See Stine, 80 S.W.3d at 591.  Norma
contends that Virginia should have pleaded acknowledgment of the debt to obtain
summary judgment.        

          We
disagree.  The statute of limitations is
an affirmative defense. Tex. R.
Civ. P. 94.  It was not necessary that Virginia
plead her defense or exception to the statute of limitations until Norma raised
the issue.  Glendon Invs, Inc. v. Brooks, 748 S.W.2d 465, 467–68 (Tex.
App.—Houston [1st Dist.] 1988, writ denied) (holding that plaintiff was not
required to plead exception to affirmative defense raised by defendant); see also N. Am. Land Corp. v. Boutte,
604 S.W.2d 245, 247 (Tex. Civ. App.—Houston [14th Dist.] 1980, writ ref’d
n.r.e.) (holding that defendant did not need to plead that statute of
limitation did not bar his counterclaim against plaintiff); Martin v. Moore, 562 S.W.2d 274, 278
(Tex. Civ. App.—Austin 1978, no writ) (“[T]he plaintiff does not have to
anticipate defenses but it is the burden of the defendant to plead and prove
matters in confession and avoidance.”). 

Damages

          Norma
contends that the trial court erred in awarding damages as a matter of law
because fact issues exist.  We
agree.  The principal amounts of the
three loans, according to the 2006 letter, were $13,000.00, $9,707.43, and
$8,000.00.  In the letter, Norma states
that she paid off the loan for $13,000.00. 
The total principal of the two remaining loans is $17,707.43.  The trial court’s award of $17,707.43 plus
interest, however, does not take into account the payments Norma made from 1991
until 2007 on the two loans.  According
to the 2006 letter, Norma disagreed with Virginia’s amortization schedules on
the loans submitted to her.  In addition,
she claimed that she overpaid on the loan of $13,000.00 and that the excess
should be applied to the loan for $9,707.43. 
She also stated in the letter that Virginia incorrectly attributed a
payment of $1,000.00 to the loan for $13,000.00 when she should have attributed
it to the loan for $9,707.43.  The letter
indicates that Norma created her own amortization schedules, which were not
part of the summary judgment evidence. 
We hold that the summary judgment evidence raises an issue of material
fact as to the amounts due and owing on the loans and thus on the corresponding
interest accrued.  

Attorney’s
Fees 

          Norma
contends that the trial court erred in awarding Virginia attorney’s fees.  In her petition and motion for summary
judgment, Virginia sought $5,000.00 in reasonable attorney’s fees incurred in
the prosecution of the lawsuit.  Norma
observes that no contractual right to attorney’s fees existed and that no
evidence existed in the trial court record regarding the fees. 

          Under section 38.001 of the Civil
Practice and Remedies Code, which Virginia invokes here, a person may recover
attorney’s fees from an opposing party in addition to the amount of a valid
claim and costs, if the claim is for an oral or written contract.  Tex.
Civ. Prac. & Rem. Code Ann. § 38.001(8) (West 2008). 
To warrant recovery under this section, attorney's fees must
be “reasonable.”  See Id. § 38.001.  Chapter 38 affords the party seeking fees the presumption
that the usual and customary fees for the eligible claim are reasonable.  Id.
§§ 38.001, 38.003.  A trial court
determines the reasonableness of an attorney’s fee award by considering the
factors enumerated in Arthur Andersen & Co. v. Perry Equip. Corp.,
945 S.W.2d 812, 818 (Tex. 1997) (quoting Tex.
Disciplinary R. Prof’l Conduct 1.04).  The reasonableness of an attorney’s fee award
generally presents a question of fact.  See
Ragsdale v. Progressive Voters League, 801 S.W.2d 880, 881–82 (Tex. 1990); Tesoro
Petroleum Corp. v. Coastal Ref. & Mktg., Inc., 754 S.W.2d
764, 767 (Tex. App.—Houston [1st Dist.] 1988, writ denied).  An award of attorney’s fees must be supported
by evidence that the fees were both reasonable and necessary. Stewart Title Guar. Co. v. Sterling, 822 S.W.2d 1, 10 (Tex. 1991); see also Bastine v. Comm’n for Lawyer
Discipline, 252 S.W.3d 413, 416 (Tex. App.—Houston [1st Dist.] 1996, no
writ) (“A demand for reasonable attorneys’ fees is a claim for unliquidated
damages, and an award of fees must be based upon evidence in support of the
pleadings.”); Van Es v. Frazier, 230 S.W.3d
770, 784 (Tex. App.—Waco 2007, pet. denied) (holding that trial court erred in
granting plaintiff attorney’s fees because plaintiff presented no summary
judgment evidence that supported award of such fees).  As a general rule, the party seeking to recover
attorney’s fees carries the burden of proof. 
Stewart Title Guar. Co.,
822 S.W.2d at 10. 

          Here, no evidence exists in the trial
court record that attorney’s fees of $5,000.00 is reasonable.  Virginia did not attach a bill from her
attorney to either her petition or her summary judgment motion.  She did not attach an affidavit from her
attorney averring to the work he did on the case, the amount he charged, or the
usual and customary fees for prosecuting a claim of an unpaid debt.  Likewise, her attorney did not testify about
his fee or work on the case.  Virginia
stated in her petition and summary judgment motion that she was entitled to
$5,000.00 in reasonable attorney’s fees incurred through prosecution of the
case.  The petition and motion for
summary judgment, however, are not evidence.  See Kendall v. Whataburger, Inc., 759 S.W.2d 751, 754 (Tex. App.—Houston
[1st Dist.] 1988, no writ) (holding that the motion for summary judgment itself
is not summary judgment evidence).  Because
no evidence exists in the record that $5,000.00 is reasonable, we hold that the
trial court erred in awarding this amount to her.  See Stewart Title Guar. Co., 822 S.W.2d at 10; Bastine, 252 S.W.3d at 416; Van Es, 230 S.W.3d at 784.  Accordingly, we reverse the trial court’s
summary judgment on the attorney’s fee award. 
 

 

 

 

 

 

 

Conclusion

          The
statute of limitations does not bar this suit on the debt because Norma
acknowledged the debt.  The summary
judgment evidence, however, presents material fact issues on the amount owed,
and thus the corresponding interest accrued. 
We therefore reverse and remand the case for trial.     

 

 

 

                                                                   Jane
Bland

                                                                   Justice


 

Panel consists of Chief Justice Radack and Justices
Alcala and Bland.