Opinion issued April 14, 2016



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00597-CV

———————————

**LEVENT ULUSAL, Appellant**

**V.**

**LENTZ ENGINEERING, L.C., Appellee**

---

**On Appeal from the 129th District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-43934**

---

## O P I N I O N

This is a restricted appeal following a default judgment obtained by appellee,

Lentz Engineering, L.C., against appellant, Levent Ulusal. In five issues on appeal,

Ulusal argues the judgment should be reversed because (1) the record shows he was

not properly served and (2) the pleadings and evidence are insufficient to support a judgment against him.

We affirm.

## Background

Solidarity Contracting, LLC was the contractor for a project for improvements on the North Sam Houston Parkway, a portion of a highway circling Houston, Texas. Solidarity subcontracted some of the work to Lentz Engineering. Lentz Engineering performed services and provided materials to the project from August 2011 to February 2012. Solidarity did not pay Lentz Engineering's invoices.

Lentz Engineering filed suit in July 2016. It named Ulusal as one of the parties responsible for the failure to pay the obligations owed to Lentz Engineering. Lentz Engineering asserted a claim under the Texas Construction Trust Fund Act and a fraud claim against Ulusal.

The original petition sought to have Ulusal served with process in Texas. Lentz Engineering filed an amended petition, seeking to have Ulusal served through the Texas Secretary of State at an address in New Jersey. Lentz Engineering then filed a second amended petition, seeking to have Ulusal served through the Texas Secretary of State at a different address in New Jersey. The record contains both Lentz Engineering's live pleading, which alleged that the address used by the Texas

2

Secretary of State was Ulusal's correct address, and a certificate of last known address for Ulusal, which listed the same address as his correct address.

Ulusal did not answer. Lentz Engineering filed a motion for default judgment, which the trial court granted. Nearly six months later, Ulusal filed a notice of restricted appeal.

## Review in Restricted Appeals

A restricted appeal is a procedural device available to a party that did not participate, either in person or through counsel, in a proceeding that resulted in a judgment against the party. *See* TEX. R. APP. P. 30. It constitutes a direct attack on a default judgment. *See Gen. Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 943 (Tex. 1991). In a review by restricted appeal, we afford the appellant the same scope of review as an ordinary appeal; that is, a review of the entire case, subject only to one restriction: the error must appear on the face of the record. *See Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997); *Wilson v. Wilson*, 132 S.W.3d 533, 536 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

To prevail on a restricted appeal, an appellant must establish that (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment

3

motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). The first three elements are not in dispute in this appeal. Accordingly, this appeal only concerns whether error is apparent on the face of the record.

The face of the record includes all papers on file in the appeal, including the clerk's record and any reporter's record. *See Norman Commc'ns*, 955 S.W.2d at 270; *DSC Fin. Corp. v. Moffitt*, 815 S.W.2d 551, 551 (Tex. 1991); *Ayala v. Ayala*, 387 S.W.3d 721, 726 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Error generally may not be inferred from silence in the record; thus, absent affirmative proof of error, a restricted appeal fails. *See Alexander*, 134 S.W.3d at 849–50 (holding silence in record on restricted appeal about whether notice was provided in hearing to dismiss for want of prosecution amounts to absence of proof of error).

### Service

In his second issue, Ulusal argues that Lentz Engineering served him under an inapplicable statute. In his first issue, Ulusal argues that, even if it was permitted under the statute, the service failed to comply with the requirements of service.

When a party to a suit is a resident of the state at the time that a cause of action arises but becomes a nonresident between that time and the time suit is filed, the Texas Secretary of State becomes the agent for service of process for that party.

4

TEX. CIV. PRAC. & REM. CODE ANN. § 17.044(a)(3) (Vernon 2015). There are no presumptions in favor of service. *Hubicki v. Festina*, 226 S.W.3d 405, 407 (Tex. 2007). To obtain a default judgment, the plaintiff must allege sufficient facts "that, if true, would make the defendant amenable to process under the long-arm statute." *Boreham v. Hartsell*, 826 S.W.2d 193, 195 (Tex. App.—Dallas 1992); *accord McKanna v. Edgar*, 388 S.W.2d 927, 930 (Tex. 1965). The plaintiff must also show strict compliance with the statute. *Boreham*, 826 S.W.2d at 195.

Once the plaintiff pleads sufficient facts to support service under the long-arm statute, proof of service is satisfied by the certificate of service from the Secretary of State. *Capitol Brick, Inc. v. Fleming Mfg. Co., Inc.*, 722 S.W.2d 399, 401 (Tex. 1986). "Absent fraud or mistake, the Secretary of State's certificate is conclusive evidence that the Secretary of State, as agent of [the out of state party], received service of process for [the out of state party] and forwarded the service as required by the statute." *Id.* This establishes the trial court's personal jurisdiction over that party. *Id.*

Ulusal argues service under subsection 17.044(a)(3) was improper because Lentz Engineering failed to establish that he had moved out of Texas after the cause of action arose but before suit was filed. We disagree.

Lentz Engineering alleged in its second amended petition—the petition upon which Lentz Engineering sought to serve Ulusal at the address in question and upon

5

which it obtained default judgment—that Ulusal "became a nonresident after [Lentz Engineering]'s cause of action arose in this State but before [Lentz Engineering] filed suit." Ulusal argues that this is deficient because Lentz Engineering did not identify the date upon which he left the state. Ulusal has provided no authority that such specificity is required. The record must show that the plaintiff strictly complied with the applicable statute. *See Boreham*, 826 S.W.2d at 195. The applicable statute makes long-arm service appropriate on a prior resident that leaves the state after the cause of action arises but before suit is filed. CIV. PRAC. & REM. § 17.044(a)(3). The statute does not require a specific date to be identified. *See id.*

Ulusal also points out that Lentz Engineering's original petition alleged that he was a resident of Texas at the time suit was filed. Ulusal argues this indicates that he moved after suit was filed. We find no support for such an assertion. Except in circumstances not present here, an amended petition supersedes any prior petition and the prior pleadings "shall no longer be regarded as a part of the pleading in the record of the cause." TEX. R. CIV. P. 65. The prior pleadings are a nullity. *Retzlaff v. Tex. Dept. of Criminal Justice*, 135 S.W.3d 731, 737 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Relying on allegations in superseded pleadings is improper. *See Sosa v. Cent. Power & Light*, 909 S.W.2d 893, 895 (Tex. 1995) (holding allegations in prior pleading could not support summary judgment against live

pleading). Accordingly, Lentz Engineering's allegations in its original petition does not defeat its allegations in its live pleading.

Next, Ulusal argues that Lentz Engineering failed to sufficiently plead a cause of action that would make him subject to long-arm jurisdiction. This argument is redundant to his argument in his third issue that Lentz Engineering failed to sufficiently plead a cause of action against him. We address the argument under that issue below.

Because Lentz Engineering pleaded sufficient facts to bring Ulusal under the long-arm statute, proof of service is satisfied by the certificate of service from the Secretary of State. *See Capitol Brick*, 722 S.W.2d at 401. Absent fraud or mistake, the Secretary of State's certificate is conclusive evidence of service. *Id.* Ulusal does not allege any fraud or mistake; nor does he deny that the address in New Jersey at which the Texas Secretary of State served him was his own. Instead, he argues that the certificate rebuts the required proof because it reflects that the citation served on him was returned to the Secretary of State as unclaimed. "When a letter is returned as 'refused' or 'unclaimed,' the notice is sufficient if it is apparent that the address was valid and could be located by the postal office." *Wright v. Wentzel*, 749 S.W.2d 228, 232 (Tex. App.—Houston [1st Dist.] 1988, no writ); *see also Dole v. LSREF2 APEX2, LLC*, 425 S.W.3d 617, 624 (Tex. App.—Dallas 2014, no pet.) (holding

7

failure to claim certified mail, "as reflected by the notation 'unlcaimed,' does not deprive the court of jurisdiction under the long arm statute.").

Ulusal relies on *Barnes* to support his argument that 'unclaimed' means service was not effective. *See Barnes v. Frost Nat'l Bank*, 840 S.W.2d 747, 750 (Tex. App.—San Antonio 1992, no writ). In *Barnes*, the San Antonio Court of Appeals drew a distinction between "unclaimed" and "refused." *Id.* While the court accepted the notation "refused" could establish that the defendant had notice, "'unclaimed' could very well mean the plaintiff gave the Secretary of State the wrong address, in which case . . . due process would not be observed." *Id.*

Other courts have distinguished *Barnes* when "the record reflects that the [S]ecretary of [S]tate forwarded a copy of the process to the nonresident's correct address." *Glynn Corp. v. Precept Business Products, Inc.*, No. 05-97-00777-CV, 1999 WL 403028, at *2 (Tex. App.—Dallas June 21, 1999, no pet.) (mem. op.) (citing *Zuyus v. No'Mis Commc'ns, Inc.*, 930 S.W.2d 743, 746 (Tex. App.—Corpus Christi 1996, no writ)). Here, the record contains Lentz Engineering's live pleading, which alleges that Ulusal's correct address for service was the address used by the Secretary of State. *See id.* at *3 (holding allegation of correct address in pleading is sufficient to establish nonresident was properly served). The record also contains a certificate of last known address for Ulusal, which identifies the same address as his correct address. *See Zuyus*, 930 S.W.2d at 746 (relying on certificate of last known

address to determine that defendant had been properly served). Accordingly, we do not need to determine whether we would reach the same conclusion as *Barnes* in the absence of proof that the address is correct in the record.

Finally, Ulusal argues that the return of citation was defective because there was a defect in the return of citation. The original officer's return stated that "Ulusal Levent" had been served by the Secretary of State. A little over a month later, an amended return was filed, stating that "Ulusal, Levent" had been served. Ulusal argues that the original return named a person (Ulusal Levent) that was different from him (Levent Ulusal), rendering the return ineffective. He further argues that the amended return was not authorized by the trial court and, accordingly, had no effect.

For support, Ulusal relies on *Barker CATV Construction, Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 793 (Tex. App.—Houston [1st Dist.] 1999, no pet.). In *Barker*, the original return identified the person served, but did not identify that person as an agent of the defaulting company. *Id.* The amended return corrected this error. *Id.* We noted, however, that Rule 118 of the Texas Rules of Civil Procedure requires amendments to the return to be authorized by the trial court. *See id.* (citing TEX. R. CIV. P. 118). We further noted, relying on *Higginbotham*, that the record must show that the trial court gave such express authority. *See id.* (citing *Higginbotham v. General Life & Accident Ins. Co.*, 796 S.W.2d 695, 696 (Tex. 1990)).

In *Higginbotham*, the original return stated the time of service, but did not include the required statement that the time of service was during the defaulting company's regular business hours. 796 S.W.2d at 695. Evidence in a motion for new trial proceeding established that the time of service was during the company's regular business hours. *Id.* at 696. In the order denying the motion for new trial, the trial court expressly found that the company had been properly served under the rules for service. *Id.* The court recognized that the trial court had "express authority to allow amendment of the return." *Id.* (citing TEX. R. CIV. P. 118). The court held that the trial court's findings that service was proper in the order denying the motion for new trial was sufficient to establish the requirement of an express authority amending the return. *Id.* at 696–97. "[W]e see no point in requiring the trial judge to sign a separate order labeled 'Order Granting Amendment of Return.' The order signed by the judge in the record is tantamount to an order amending the return." *Id.* at 697.

In *Barker*, we distinguished *Higginbotham* because the record was "devoid of any evidence that the trial court allowed the amended return to be filed." 989 S.W.2d at 793–94. Accordingly, the amended return could not rectify the error in the original return. *Id.* at 794.

Here, the default judgment itself reflects that the trial court authorized the amended return. In the default judgment, the trial court expressly found that

> Ulusal[] was duly and legally serve with process on August 4, 2015, but has wholly failed to appear or answer and has wholly made default, and that the citation of with the officer's return thereon has been on file with this Court for ten (10) days exclusive of the date of filing and of this day, and that the time for appearing or answering has expired for this Defendant.

As in *Higginbotham,* this is "tantamount to an order amending the return." 796 S.W.2d at 697.

We hold that Ulusal has failed to establish any defects in service on the face of the record. We overrule Ulusal's first and second issues.

### Sufficiency of Pleadings and Evidence

In his remaining three issues, Ulusal argues the pleadings and the evidence are insufficient to support the judgment against him. A default judgment must be supported by a petition that states a cause of action. *See Fairdale Ltd. v. Sellers*, 651 S.W.2d 725, 725 (Tex. 1982). The purpose of a pleading is to provide the defendant with fair notice of the cause of action and of the character of evidence that will be raised at trial, as well as to define the issues to be heard. *Norman v. Giraldo*, 01-13-00334-CV, 2014 WL 2538558, at *3 (Tex. App.—Houston [1st Dist.] June 5, 2014, no pet.) (mem. op.). When determining whether a pleading properly includes an allegation, we must look at the pleading from the perspective of the person against whom the pleading is made. *Wilson v. Bloys*, 169 S.W.3d at 364, 369 (Tex. App.—Austin 2005, pet. denied) (citing *Erisman v. Thompson*, 167 S.W.2d 731, 733 (Tex. 1943)). A petition is sufficient if a cause of action reasonably may be inferred from

11

what is stated in the petition, even if an element of the action is not specifically alleged. *See Norman*, 2014 WL 2538558, at *3. "Mere formalities, minor defects, and technical insufficiencies will not invalidate a default judgment where the petition states a cause of action and gives 'fair notice' to the opposing party of the relief sought." *Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex. 1979).

In a default judgment, all facts set out in the petition are admitted as true except for the amount of damages. *See Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731–32 (Tex. 1984). The legal and factual sufficiency of evidence supporting an unliquidated damages award can be challenged on appeal. *Whitaker v. Rose*, 218 S.W.3d 216, 220–21 (Tex. App.—Houston [14th Dist.] 2007).

In conducting a legal-sufficiency review, we credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We will sustain a legal sufficiency challenge if the record shows (1) a complete absence of a vital fact; (2) rules of law or evidence bar the court from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence conclusively establishes the opposite of a vital fact. *Id.* at 810. We consider the evidence in the light most favorable to the finding and indulge every reasonable inference that would support it. *Id.* at 822.

Lentz Engineering asserted a Texas Construction Trust Fund Act claim against Ulusal. Ulusal argues the evidence, including the facts asserted in Lentz Engineering's claims, fails to establish that he was a trustee under the act.

Section 162.001 of the Property Code provides, "Construction payments are trust funds under this chapter if the payments are made to the contractor or subcontractor . . . under a construction contract for the improvement of specific real property in this state." TEX. PROP. CODE ANN. § 162.001(a) (Vernon 2014). "A contractor, subcontractor, or owner or an officer, director, or agent of a contractor . . .who receives trust funds or who has control or direction of trust funds, is a trustee of the trust funds." TEX. PROP. CODE ANN. § 162.002 (Vernon 2014).

In its live pleading, Lentz Engineering alleged that Solidarity Contracting, LLC "entered into an agreement with [Lentz Engineering] for [Lentz Engineering] to perform work for a construction project located in Harris County, Texas." It alleged that the construction project was for improvements for real property. It further alleged that both Solidarity Contracting and Ulusal were trustees because "they both received and/or had control or direction of [the] trust funds as required under Seciton 162.002 of the Texas Property Code."

Ulusal argues that, because the petition did not specify if he was a "contractor, subcontractor, or owner or an officer, director, or agent of a contractor," the petition failed to establish that he was a trustee. *See id.* We disagree.

A pleading only needs to provide fair notice of the cause of action against the defendant. *Norman*, 2014 WL 2538558, at \*3. "Mere formalities, minor defects, and technical insufficiencies will not invalidate a default judgment where the petition states a cause of action and gives 'fair notice' to the opposing party of the relief sought." *Stoner*, 578 S.W.2d at 683. Fair notice still exists even if an element of the action is not specifically alleged. *See Norman*, 2014 WL 2538558, at \*3. Here, Lentz Engineering's pleading alleged that Ulusal was a trustee under section 162.002 and that he received or had control or direction of the funds in question. This is sufficient fair notice to establish that Ulusal was a trustee.

Next, Ulusal argues that the evidence is insufficient to establish damages. Ulusal argues that Lentz Engineering only "proved up the invoices that constituted the contract claims pled for by Lentz [Engineering]. [It] did not address any damages arising from the alleged Texas Construction Trust Funds Act." Under the Texas Construction Trust Fund Act, "[c]onstruction payments are trust funds." PROP. § 162.001(a). "A trustee who, intentionally or knowingly or with intent to defraud, directly or indirectly retains, uses, disburses, or otherwise diverts trust funds without first fully paying all current or past due obligations incurred by the trustee to the beneficiaries of the trust funds, has misapplied the trust funds." TEX. PROP. CODE ANN. § 162.031(a) (Vernon 2014). Proof of current or past due obligations under a

14

construction contract, then, would constitute proof of damages under the Texas Construction Trust Fund Act. *See id.*

Finally, Ulusal argues that the award of attorneys' fees was improper. Ulusal argues that attorneys' fees are not authorized under the Texas Construction Trust Fund Act. He also argues that Lentz Engineering's live pleading sought attorneys' fees only against Solidarity Contracting, not against him.

"A demand for reasonable attorneys' fees is a claim for unliquidated damages, and an award of fees must be based upon evidence in support of the pleadings." *Bastine v. Comm'n for Lawyer Discipline*, 252 S.W.3d 413, 416 (Tex. App.—Houston [1st Dist.] 1996) (citing *Higgins v. Smith*, 722 S.W.2d 825, 827–28 (Tex. App.—Houston [14th Dist.] 1987, no writ)). Lentz Engineering pleaded it was entitled to attorneys' fees under section 38.001 of the Texas Civil Practice and Remedies Code. Pursuant to that section, a party can recover reasonable attorneys' fees from claims for, among other things, rendered services, performed labor, furnished materials, and a contract. TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(1)–(3), (8) (Vernon 2015). As we have noted, the Texas Construction Trust Funds Act creates a cause of action for failure to make payments under a construction contract. *See* PROP. §§ 162.001(a), 162.031(a). Accordingly, section 38.001 permits attorneys' fees to be awarded for claims under the Texas Construction Trust Funds Act. *See* CIV. PRAC. & REM. § 38.001(1)–(3), (8).

In its pleading, Lentz Engineering prayed that attorneys' fees be awarded against Solidarity Contracting and Ulusal, jointly and severally. *See Norman*, 2014 WL 2538558, at *3 (requiring pleading to provide fair notice of claims against defendants). Ulusal points out, however, that Lentz Engineering asserted in its live pleading that demand for payment had been made only to Solidarity Contracting. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.002(2) (Vernon 2015) (requiring presenting claim to opposing party as prerequisite to obtaining attorneys' fees). Nevertheless, the proof presented in the motion for default judgment showed that the demand for payment had been addressed to Solidarity Contracting in care of Ulusal and another employee of Solidarity Contracting. It specifically advised both of them of their obligations to Lentz Engineering and made a demand that they make payment on the obligations. We hold that the pleadings and evidence are sufficient to support the award of attorneys' fees against Ulusal. *See Bastine*, 252 S.W.3d at 416–17.

We overrule Ulusal's remaining three issues.[1]

---

[1] Because we have upheld the judgment against Ulusal based on Lentz Engineering's Texas Construction Trust Funds Act claim, we do not need to reach whether we would also uphold the judgment under Lentz Engineering's fraud claim. *See* TEX. R. APP. P. 47.1.

16

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Keyes and Higley.