**REVERSE and RENDER; and Opinion Filed February 8, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-17-00136-CV
_____

## WILLIE JAMES HAYNES, II
## AND BRITA MICHELLE HAYNES A/K/A BRITA HINKLE-HAYNES, Appellants
## V.
## RICHARD FRANK GAY, Appellee

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-16-01275-E**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Fillmore, and Stoddart
Opinion by Justice Lang-Miers

This is a restricted appeal. Appellants Willie James Haynes, II and Brita Michelle Haynes a/k/a Brita Hinkle-Haynes (the Hayneses) seek reversal of the trial court's judgment in favor of appellee Richard Frank Gay, asserting there was error on the face of the record. We conclude that the Hayneses are not individually liable for a limited liability company's debt that was created or incurred prior to forfeiture of the company's charter. We reverse the trial court's judgment and render judgment for the Hayneses.

### BACKGROUND

Appellee Richard Gay filed a petition in justice court against the Hayneses, alleging that they were indebted to him in the amount of $1257.40 under a terminated property management agreement. The justice court rendered judgment for Gay, but not against the Hayneses. Instead,

the court's February 3, 2016, judgment recites that "Skygroup, LLC should have been the named defendant, and the parties both agree to an oral motion to amend the petition to substitute Skygroup, LLC as defendant." The Hayneses were dismissed from the suit. Gay appealed the dismissal to the county court at law, the Hayneses filed an answer, and the case was set for trial. The case proceeded to trial on August 4, 2016. Although they had notice of the setting, the Hayneses did not appear.

At trial, Gay testified that he entered into a property management agreement with Sky Group, LLC. A copy of the agreement was admitted into evidence at trial. Sky Group was to collect rents "and any other revenue due" to Gay, the owner of the property. Sky Group was required to deposit the funds it collected in a bank account designated by Gay. Gay testified that Sky Group failed to deposit funds as the agreement required on several occasions between August 2013 and February 2014. Gay gave 30 days' notice that the agreement would be terminated on February 24, 2014, and Sky Group accepted the notice.

Gay offered evidence that the Hayneses were the members of Sky Group, and that Sky Group forfeited its certificate or charter on August 7, 2015. Gay also offered evidence that the Texas Real Estate Commission suspended Brita Haynes's broker's license on October 31, 2015.

Gay testified that he sought damages of $1257.40, offering several exhibits to support the amount claimed. Gay's attorney testified to his fees. The trial court rendered judgment for Gay and against the Hayneses in the amount of $1257.40 in actual damages, $3,431.25 in attorney's fees, and $500 in court costs, as well as attorney's fees in the event of unsuccessful appeals. The Hayneses did not file any post-trial motions.

In this restricted appeal, the Hayneses contend the trial court erred by rendering judgment against them individually because Gay's contract was with Sky Group only, and Sky Group's contractual obligations arose long before its charter was forfeited.

DISCUSSION

1.      **Restricted Appeal**

Parties who do not participate in person or through counsel in a hearing that results in a judgment may be eligible for a restricted appeal. *Pike–Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014); TEX. R. APP. P. 30. To sustain a proper restricted appeal, the Hayneses must prove: (1) they filed notice of the restricted appeal within six months after the judgment was signed; (2) they were parties to the underlying lawsuit; (3) they did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique,* 134 S.W.3d 845, 848 (Tex. 2004). Only the fourth element is at issue in this appeal.

The face of the record includes all papers on file in the appeal, including the clerk's record and any reporter's record. *See Ulusal v. Lentz Eng'g, L.C.*, 491 S.W.3d 910, 914 (Tex. App.—Houston [1st Dist.] 2016, no pet.). In a restricted appeal, we afford the appellant the same scope of review as an ordinary appeal, that is, review of the entire case, with the restriction that the error must appear on the face of the record. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam). A review of the entire case includes review of legal and factual insufficiency claims. *Id.*

2.      **Individual liability for debt of limited liability company**

Unless the company agreement concerning the affairs or conduct of the business specifically provides otherwise, a member or manager of a limited liability company "is not liable for a debt, obligation, or liability of a limited liability company, including a debt, obligation, or liability under a judgment, decree, or order of a court." TEX. BUS. ORGS. CODE ANN. § 101.114 (West 2012); *see also Metroplex Mailing Servs., LLC v. RR Donnelley & Sons Co.*, 410 S.W.3d

889, 896 (Tex. App.—Dallas 2013, no pet.) (same). If a limited liability company's charter is forfeited for failure to file a report or pay a tax or penalty, however, a member[1] is "liable for each debt of the corporation that is created or incurred in this state after the date on which the report, tax, or penalty is due and before the corporate privileges are revived." TEX. TAX CODE ANN. § 171.255(a) (West 2015); *see also Hovel v. Batzri*, 490 S.W.3d 132, 135–36 (Tex. App.— Houston [1st Dist.] 2016, pet. denied) (discussing application of § 171.255(a) to manager of limited liability company).

The record reflects that Sky Group breached its contract with Gay in 2013 and 2014, and that Sky Group's charter was forfeited in 2015. The trial court's judgment was not rendered until 2016, after forfeiture of the charter. If Sky Group's debt to Gay was "created or incurred" when judgment was rendered, then the Hayneses are liable individually under section 171.255(a). But we have concluded that where a debt arises out of the performance or implementation of the provisions of a contract, the debt was "created or incurred" when the parties entered into the contract. *Rossman v. Bishop Colo. Retail Plaza, L.P.*, 455 S.W.3d 797, 804 (Tex. App.—Dallas 2015, pet. denied); *see also Hovel*, 490 S.W.3d at 138–44 (discussing judicial interpretations of "created or incurred" from 1946 to date).

Although the date of Gay's contract with Sky Group is not apparent on the face of the record, the dates of Sky Group's breaches and its charter forfeiture were established at trial and are included in the record. *See Alexander*, 134 S.W.3d at 848 (in restricted appeal, error must be apparent on the face of the record). Because Sky Group's debt to Gay was created or incurred prior to the forfeiture of Sky Group's charter, the Hayneses are not liable for the debt. *See Rossman*, 455

---

[1] The Hayneses do not dispute that § 171.255(a)'s imposition of liability on "each director or officer of the corporation" extends to them as "members" of a limited liability company. *See* TEX. BUS. ORGS. CODE ANN. § 101.251 (West 2012) (governing authority of limited liability company consists of managers, if any, or members); TEX. TAX CODE ANN. § 171.0002(a) (West 2015) (limited liability corporation included in definition of "taxable entity"); *id.* § 171.001(a) (imposition of franchise tax on "taxable entity"). Their sole challenge is to their liability for a debt "created or incurred" prior to the forfeiture of Sky Group's charter. *See* TEX. TAX CODE ANN. § 171.255(a).

S.W.3d at 804. Gay did not offer evidence to support any basis for the Hayneses' individual liability other than the forfeiture of Sky Group's charter. We decide the Hayneses' sole issue in their favor.

## CONCLUSION

We reverse the trial court's judgment and render judgment for the Hayneses.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

170136F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILLIE JAMES HAYNES, II AND
BRITA MICHELLE HAYNES A/K/A
BRITA HINKLE-HAYNES, Appellants

No. 05-17-00136-CV          V.

RICHARD FRANK GAY, Appellee

On Appeal from the County Court at Law
No. 5, Dallas County, Texas
Trial Court Cause No. CC-16-01275-E.
Opinion delivered by Justice Lang-Miers;
Justices Fillmore and Stoddart,
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** that appellee Richard Frank Gay take nothing from appellants Willie James Haynes, II and Brita Michelle Haynes a/k/a Brita Hinkle-Haynes.

It is **ORDERED** that appellants Willie James Haynes, II and Brita Michelle Haynes a/k/a Brita Hinkle-Haynes recover their costs of this appeal from appellee Richard Frank Gay.

Judgment entered this 8th day of February, 2018.